with a clear understanding that they were codifying near-universal birthright citizenship, subject only to a few narrowly defined exceptions. Congressional actions, Executive Branch practice, and legislative history all show that the statute codified this consensus meaning.

Executive Order No. 14,160 purports to deny birthright citizenship to children born in the United States who, at the time of their birth, lack a parent who is a United States citizen or lawful permanent resident. In doing so, the Executive Order conflicts with the Citizenship Clause of the Fourteenth Amendment and Section 1401. Because this case can be resolved under Section 1401, this Court need not determine the scope of the Citizenship Clause. Section 1401(a) provides an independent basis to affirm the District Court's conclusion that Plaintiffs are likely to succeed on the merits in challenging Executive Order No. 14,160.

## INTEREST OF *AMICI CURIAE* AND DISCLOSURES

*Amici* Kristin Collins, Gerald Neuman, and Rachel Rosenbloom are legal scholars with expertise in U.S. citizenship and immigration law. *Amici* have a professional interest in ensuring that the Court is properly informed with respect to the history and meaning of the

birthright citizenship statute, 8 U.S.C. § 1401(a), and its importance to this case. Kristin Collins is the James E. and Sarah A. Degan Professor of Law at the University of Michigan Law School; Gerald Neuman is the J. Sinclair Armstrong Professor of International, Foreign, and Comparative Law at Harvard Law School; and Rachel Rosenbloom is Professor of Law at Northeastern School of Law.[1]

All parties consent to the filing of this brief.

### SUMMARY OF THE ARGUMENT

In the Nationality Act of 1940 (the "1940 Act"), Congress provided that "a person born in the United States, and subject to the jurisdiction thereof," shall be a "national[] and citizen[] of the United States at birth." 1940 Act § 201(a), Pub. L. No. 76-853, 54 Stat. 1137, 1138 (1940). Twelve years later, Congress reenacted this provision as part of the INA of 1952, codified at 8 U.S.C. § 1401(a).

---

[1]    *Amici* submit this brief as individuals. Their institutional affiliation is noted for informational purposes only and does not indicate any institutional endorsement of the positions advocated in the brief. No party or its counsel authored this brief in whole or in part. Fed. R. App. P. 29(a)(4)(E)(i). No person other than *amici* and their counsel contributed money intended to fund the preparation or submission of this brief, including the parties or their counsel. Fed. R. App. P. 29(a)(4)(E)(ii), (iii).