# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | |
|---|---|
| O. DOE, *et al.*, <br><br> *Plaintiffs-Appellees,* <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants-Appellants.* | No. 25-1169 |
| NEW JERSEY, *et al.*, <br><br> *Plaintiffs-Appellees,* <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants-Appellants.* | No. 25-1170 |

### OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION FOR SUPPLEMENTAL BRIEFING ORDER

The Plaintiff States oppose the United States' request that the parties brief the impact of *Trump v. CASA, Inc.*, 606 U.S. ___, 2025 WL 1773631 (June 27, 2025), in this Court in the first instance. The States agree that supplemental briefing is warranted—and that it should be handled expeditiously to ensure that decisions on the impact of *CASA* can

1

issue before July 27, when the challenged Executive Order is set to take effect. *See id.*, at *15. But because the core questions prompted by *CASA* are factual, not legal, the proper forum for that supplemental briefing is the district court, which has jurisdiction to address the relevant issues. Plaintiffs have proposed a schedule that will allow the district court to swiftly parties' factual dispute[1] and respectfully submit that adopting that proposal is the most appropriate way to effectuate the Supreme Court's decision.

## I. The impact of the Supreme Court's decision is a primarily factual question that belongs in district court.

The United States overlooks the fact that the parties have already briefed the very issue on which the federal defendants request supplemental briefing in this Court. As part of this pending appeal, the parties have disputed the States' standing; the merits; and the nationwide scope of relief the district court ordered. On that final inquiry, the parties briefed whether the district court's preliminary

---

[1] On Monday, June 30, 2025, the States filed a letter with the district court, copying this Court, requesting that the district court (1) order the United States to file a brief and any declarations on alternative forms of relief for remedying the States' injuries by July 8; (2) order the States to submit a brief and any declarations in response by July 15; and (3) hold a hearing on July 17 or 18.

injunction was broader than necessary to fully remedy the States' harms. *See* Opening Br. 53-54 (arguing injunction was broader than necessary to give complete relief); Appellees' Response Br. 64-70 (defending district court's finding that "nationwide relief was justified to 'provid[e] complete relief'"); Reply Br. 26-28 (recognizing States acknowledge "principle that injunctive relief should be no broader than necessary to provide complete relief to the plaintiffs," but arguing States "fail[ed] to justify the district court's nationwide injunction under that principle"). Because that already pending dispute is not on whether the complete-relief standard applies but on whether the States *satisfy* it—and because *CASA* continued to recognize the vitality of that standard and declined to decide whether the States met it here—it is unclear what supplemental briefing in this Court regarding that same legal principle applied to the same factual record would actually accomplish. *See* Motion at ¶4 (requesting briefing so this Court may "rule on whether the nationwide injunction is broader than necessary to provide complete relief to the plaintiffs"). The United States' proposal is neither efficient nor expeditious.

Instead, the questions that require answers are primarily factual. While *CASA* held that injunctions designed to protect nonparties likely

3

exceed the statutory authority of the federal courts, the Court reaffirmed that nationwide injunctions designed to "award[] complete relief" to the parties themselves are appropriate. *See* 2025 WL 1773631, at *10. And the Court recognized that the injunction ordered by "the District Court for the District of Massachusetts" was indeed designed "to provide the States *themselves* with complete relief" and did not "purport to directly benefit nonparties." *Id.* at *11. At the same time, the Supreme Court observed that the United States offered certain alternative forms of relief it claimed would remedy the States' injuries that it had never offered before the district court. *Id.* at *12. And so the Court directed "the lower courts [to] determine whether a narrower injunction is appropriate" or whether those alternative forms of relief are appropriate. *Id.* The Court thus granted a stay of the district court's injunction "only to the extent that" it is "broader than necessary to provide complete relief" to the States, *id.* at *15. But the United States has yet to provide *any* factual information as to how their alternatives would work in practice, other than brief assertions in appellate filings. The district court is the appropriate forum to resolve this factual inquiry.

## II. The district court has jurisdiction to resolve the parties' factual dispute.

The district court is the appropriate forum to resolve this factual inquiry—and it retains jurisdiction to do so, despite the pendency of this appeal. While the "general rule" is that an "appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal," this "rule is not absolute, for even after the appeal is filed the district court retains authority to decide matters not inconsistent with the pendency of the appeal." *United States v. Hurley*, 63 F.3d 1, 23 (1st Cir. 1995); *see also Hosp. San Antonio, Inc. v. Oquendo-Lorenzo*, 47 F.4th 1, 6 (1st Cir. 2022); (district court retains "continuing jurisdiction during an appeal to act in aid of the appeal").

Further, under Federal Rule of Civil Procedure 62(d) (formerly Rule 62(c)), "[w]hile an appeal is pending from an interlocutory order … that grants … an injunction, the court may suspend, modify, restore, or grant an injunction." Although this Court has not directly addressed the issue, other circuits have consistently held that Rule 62(d) codifies the district court's inherent power to supplement an injunction pending on appeal as long as doing so is "in furtherance of preserving the integrity of the appeal." *Ortho Pharm. Corp. v. Amgen, Inc.*, 887 F.2d 460, 464 (3d Cir.

1989). Put otherwise, appeal of a preliminary injunction does not divest a court of jurisdiction to consider "evidence or argument" pertaining to the injunction if doing so is in service of "preserv[ing] the status quo as of the time of appeal." *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962); *accord Universitas Educ., LLC v. Avon Cap., LLC*, 124 F.4th 1231, 1243 (10th Cir. 2024); *Armstrong v. Newsom*, 58 F.4th 1283, 1298 n.13 (9th Cir. 2023); *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 190 n.2 (5th Cir. 2008). Indeed, the United States appears to accept that the district court retains jurisdiction to preserve the status quo. *See* Motion at ¶5 (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000), which explains that the district court may act to "maintain the status quo among the parties").

Here, the federal government believes that it "may begin to apply Executive Order 14160 to persons covered by the order" beginning on July 27, 2025. *CASA, Inc. v. Trump*, No. 8:25-cv-00201, Doc. No. 104, at 2 (July 1, 2025). Thus, "status quo as of the time of appeal" is threatened, *Sayco*, 302 F.2d at 625, and the district court may consider evidence and argument to reaffirm that the injunction pending on appeal before this Court is, as the district court already found based on the evidence and

6

argument then before it, necessary to provide "complete relief" to the States. *CASA*, 2025 WL 1773631, at *11.

Alternatively, if this Court determines that the district court lacks jurisdiction to clarify the injunction, the States ask that this Court issue a limited remand to the district court solely to make factual findings in relation to the scope of the injunction. Because the limited remand would have to be complete in advance of July 27, this Court need not and should not adjust the schedule for the pending appeal currently before it—which remains fully briefed, and will proceed to argument in one month.

***

Because the questions left open by *CASA* can be resolved expeditiously by the district court, while supplemental briefing in this Court would not advance the resolution of those factual questions, this Court should deny the federal defendants' motion for supplemental appellate briefing.

July 2, 2025

ANDREA JOY CAMPBELL
  *Attorney General of Massachusetts*

Gerard J. Cedrone
  *Deputy State Solicitor*
Jared B. Cohen
  *Assistant Attorney General*
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2282
gerard.cedrone@mass.gov

*Counsel for the Commonwealth
  of Massachusetts*


ROB BONTA
  *Attorney General of California*

Christopher D. Hu
  *Deputy Solicitor General*
Michael L. Newman
  *Senior Assistant Atty. Gen.*
Marissa Malouff
Irina Trasovan
  *Supervising Deputy Attys. Gen.*
Denise Levey
Lorraine López
Delbert Tran
Annabelle Wilmott
  *Deputy Attorneys General*
455 Golden Gate Ave., Ste. 11000
San Francisco, CA 94102
(415) 510-3917
christopher.hu@doj.ca.gov

*Counsel for the State of California*

Respectfully submitted.

MATTHEW J. PLATKIN
  *Attorney General of New Jersey*

 /s/    Viviana M. Hanley
Jeremy M. Feigenbaum
  *Solicitor General*
Shankar Duraiswamy
  *Deputy Solicitor General*
Viviana M. Hanley
Elizabeth R. Walsh
Shefali Saxena
  *Deputy Attorneys General*
25 Market Street
Trenton, NJ 08625
(862) 350-5800
viviana.hanley@njoag.gov

*Counsel for the
  State of New Jersey*

8

PHIL WEISER
  *Attorney General of Colorado*

Shannon Stevenson
  *Solicitor General*
Office of the Attorney General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
shannon.stevenson@coag.gov

*Counsel for the State of Colorado*

KATHLEEN JENNINGS
  *Attorney General of Delaware*

Ian R. Liston
  *Director of Impact Litigation*
Vanessa L. Kassab
  *Deputy Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Counsel for the State of Delaware*

WILLIAM M. TONG
  *Attorney General of Connecticut*

Janelle Rose Medeiros
  *Assistant Attorney General*
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5020
janelle.medeiros@ct.gov

*Counsel for the*
  *State of Connecticut*

BRIAN L. SCHWALB
  *Attorney General*
  *for the District of Columbia*

Caroline S. Van Zile
  *Solicitor General*
Jeremy R. Girton
  *Assistant Attorney General*
Office of the Attorney General
400 Sixth Street, N.W.
Washington, DC 20001
(202) 724-6609
caroline.vanzile@dc.gov

*Counsel for the*
  *District of Columbia*

9

ANNE E. LOPEZ
  *Attorney General of Hawai'i*

Kaliko'onālani D. Fernandes
  *Solicitor General*
Office of the Attorney General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawai'i*

ANTHONY G. BROWN
  *Attorney General of Maryland*

Julia Doyle
  *Solicitor General*
Adam D. Kirschner
  *Senior Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
akirschner@oag.state.md.us
(410) 576-6424

*Counsel for the State of Maryland*

AARON M. FREY
  *Attorney General of Maine*

Thomas A. Knowlton
  *Assistant Attorney General*
Office of the Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
thomas.a.knowlton@maine.gov

*Counsel for the State of Maine*

DANA NESSEL
  *Attorney General of Michigan*

Toni L. Harris
Neil Giovanatti
Stephanie M. Service
  *Assistant Attorneys General*
Department of Attorney General
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
harrist19@michigan.gov

*Counsel for Attorney General Dana Nessel on behalf of the People of Michigan*

<div style="display: flex;">

<div>

Keith Ellison
  *Attorney General of Minnesota*

John C. Keller
  *Chief Deputy Attorney General*
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
651-757-1355
john.keller@ag.state.mn.us

*Counsel for the State of Minnesota*

</div>

<div>

Aaron D. Ford
  *Attorney General of Nevada*

Heidi Parry Stern
  *Solicitor General*
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
hstern@ag.nv.gov

*Counsel for the State of Nevada*

</div>

</div>

RAÚL TORREZ
 *Attorney General of New Mexico*

James W. Grayson
 *Chief Deputy Attorney General*
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87501
(505) 218-0850
jgrayson@nmdoj.gov

*Counsel for the*
 *State of New Mexico*

LETITIA JAMES
 *Attorney General of New York*

Ester Murdukhayeva
 *Deputy Solicitor General*
Matthew William Grieco
 *Senior Assistant Solicitor Gen.*
Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-6279
ester.murdukhayeva@ag.ny.gov

*Counsel for the*
 *State of New York*

JEFF JACKSON
 *Attorney General of North Carolina*

Daniel P. Mosteller
 *Associate Deputy Attorney General*
Department of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6026
dmosteller@ncdoj.gov

*Counsel for the*
 *State of North Carolina*

PETER F. NERONHA
 *Attorney General of Rhode Island*

Katherine Connolly Sadeck
 *Solicitor General*
Office of the Attorney General
150 South Main Street
Providence, RI  02903
(401) 274-4400, Ext. 2480
ksadeck@riag.ri.gov

*Counsel for the*
 *State of Rhode Island*

CHARITY R. CLARK
  *Attorney General of Vermont*

Jonathan T. Rose
  *Solicitor General*
109 State Street
Montpelier, VT 06509
(802) 793-1646
jonathan.rose@vermont.gov

*Counsel for the State of Vermont*

DAVID CHIU
  *City Attorney of San Francisco*

David S. Louk
  *Deputy City Attorney*
1390 Market Street, 6th Floor
City Attorney of San Francisco
San Francisco, CA 94102
(415) 505-0844
david.louk@sfcityatty.org

*Counsel for the City and
   County of San Francisco*

JOSHUA L. KAUL
  *Attorney General of Wisconsin*

Gabe Johnson-Karp
  *Assistant Attorney General*
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707
(608) 267-8904
johnsonkarpg@doj.state.wi.us

*Counsel for the State of Wisconsin*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Century Schoolbook, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1,302 words, according to the count of Microsoft Word.

July 2, 2025                               /s/ *Viviana M. Hanley*
                                           Deputy Attorney General