# United States Court of Appeals
## For the First Circuit

_____

No. 25-1169

O. DOE; BRAZILIAN WORKER CENTER; LA COLABORATIVA,

Plaintiffs - Appellees,

v.

DONALD J. TRUMP, in their official capacity as President of the United States; US DEPARTMENT OF STATE; MARCO RUBIO, in their official capacity as Secretary of State; US SOCIAL SECURITY ADMINISTRATION; FRANK J. BISIGNANO, in their official capacity as Commissioner of Social Security,

Defendants - Appellants.

_____

No. 25-1170

STATE OF NEW JERSEY; COMMONWEALTH OF MASSACHUSETTS; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF HAWAII; STATE OF MAINE; STATE OF MARYLAND; DANA NESSEL, Attorney General for the People of the State of Michigan; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WISCONSIN; CITY AND COUNTY OF SAN FRANCISCO,

Plaintiffs - Appellees,

v.

DONALD J. TRUMP, in their official capacity as President of the United States; US DEPARTMENT OF STATE; MARCO RUBIO, in their official capacity as Secretary of State; US DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in their official capacity as Secretary of Homeland Security; US DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in their official capacity as Secretary of Health and Human Services; US SOCIAL SECURITY ADMINISTRATION; FRANK J. BISIGNANO, in their official capacity as Commissioner of Social Security; UNITED STATES,

Defendants - Appellants.

_____

Before

Barron, <u>Chief Judge</u>,
Rikelman and Aframe, <u>Circuit Judges</u>.

---

**ORDER OF COURT**
**Entered: July 3, 2025**

The defendants-appellants have filed a Motion for Supplemental Briefing Order (the "Motion") to this court in connection with <u>New Jersey</u> v. <u>Trump</u>, No. 25-1170. That case involves the defendants-appellants' appeal of a February 13, 2025 order by the United States District Court for the District of Massachusetts. The District Court's order granted a "universal" preliminary injunction enjoining the enforcement of Executive Order No. 14,160, titled "Protecting the Meaning and Value of American Citizenship." Exec. Order No. 14,160, 90 Fed. Reg. 8449 (Jan. 20, 2025). That appeal is pending in this court, and oral argument is scheduled in this court on August 1, 2025. The Motion asks us to order supplemental briefing on the effect of the United States Supreme Court's order in <u>Trump</u> v. <u>CASA, Inc.</u>, 606 U.S. __ (2025), on this appeal to "allow this Court to 'move expeditiously to ensure that . . . the injunctio[n] comport[s] with' the Supreme Court's decision." They propose a schedule in which the supplemental briefs "would be due on July 11" so that "[t]he Court would then be positioned to rule on whether the nationwide injunction is broader than necessary to provide complete relief to the plaintiffs, an issue this Court declined to consider in initially ruling on the government's stay motion." They further assert that "adopting this course would comport with the Supreme Court's instruction that the lower courts should 'move expeditiously' to resolve outstanding issues about the scope of the injunction." The plaintiffs-appellees oppose the Motion. They do so on the grounds that, "because the core questions prompted by <u>CASA</u> are factual, not legal," the District Court is the "proper forum" for resolving the questions prompted by the Supreme Court's order in <u>CASA</u>.

In <u>CASA</u>, 606 U.S. __, the Supreme Court addressed the defendants-appellants' application to stay the preliminary injunction on appeal in No. 25-1170, which had been consolidated with similar applications in other cases. The Court held that "universal injunctions" -- that is, injunctions that "prohibit enforcement of a law or policy against <u>anyone</u>" -- "likely exceed the equitable authority that Congress has granted to federal courts." <u>Id.</u> slip op. at 1-2 (footnote omitted). But it expressly stated that the injunction on appeal in No. 25-1170 "does not purport to directly benefit nonparties." <u>Id.</u> slip op. at 17. The Court noted instead that "the District Court for the District of Massachusetts decided that a universal injunction was necessary to provide the [plaintiffs-appellees] <u>themselves</u> with complete relief." <u>Id.</u> slip op. at 17-18. It further recognized that "the principle that a court of equity may fashion a remedy that awards complete relief" has "deep roots in equity." <u>Id.</u> slip op. at 15. It also observed that "to say that a court <u>can</u> award complete relief is not to say that it <u>should</u> do so" and that "in equity, the broader and deeper the remedy the plaintiff wants, the stronger the plaintiff's story needs to be." <u>Id.</u> slip op. at 18 (cleaned up). The Court then noted the defendants-appellants' contentions that "narrower relief" was appropriate in this case, but "decline[d] to take up these arguments in the first instance." <u>Id.</u> slip op. at 19. The Court's order stated that "[t]he lower courts should determine whether a narrower injunction is appropriate" and "le[ft] it to them to consider these and any related arguments." <u>Id.</u>

Finally, the Court "granted" "[t]he Government's applications to partially stay the preliminary injunctions . . . but only to the extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue." Id. slip op. at 26. It then instructed "[t]he lower courts" to "move expeditiously to ensure that, with respect to each plaintiff, the injunctions comport with this rule and otherwise comply with principles of equity." Id.

In urging us to grant the Motion, the defendants-appellants state that "[i]f the district court's existing decision is insufficient to establish" that the universal injunction entered in this case comports with the complete-relief principle and other principles of equity, "then the universal scope of that injunction is appropriately stayed."  There is no motion, however, pending before this court for a stay pending appeal of the preliminary injunction on appeal in No. 25-1170, which injunction the defendants-appellants appear to agree is not stayed at present.  To be sure, on February 27, 2025, the defendants-appellants did file a motion in our court to stay the injunction, as they note in the Motion.  But we denied the stay and, in the opinion doing so, we declined to address the "narrower relief" proposed by the defendants-appellants in their stay motion to this court because they had failed to raise it in opposing the grant of a nationwide preliminary injunction in the preliminary injunction proceedings themselves or in requesting a stay of that injunction from the District Court.  See New Jersey v. Trump, 131 F.4th 27, 43 (1st Cir. 2025) (citing Philip Morris, Inc. v. Harshbarger, 159 F.3d 670, 680 (1st Cir. 1998), for the proposition that "[a]s a general rule, a disappointed litigant cannot surface an objection to a preliminary injunction for the first time in an appellate venue").  We note, too, that any new motion for interim relief pending appeal would generally have to be filed first in the District Court.  See Fed. R. App. P. 8(a)(1).  Thus, to the extent the Motion seeks the order of supplemental briefing for the purpose of securing interim relief from us as to the preliminary injunction pending our resolution of the appeal, it provides no basis for the order as it provides no basis for this court to act with respect to the provision of any such relief in the first instance.

Moreover, CASA provides fresh guidance regarding the equitable powers of federal courts. See CASA, 606 U.S. at __, slip op. at 17-18.  Thus, in aid of our consideration of the issues on appeal, and consistent with the Supreme Court's instruction that "[t]he lower courts should determine whether a narrower injunction is appropriate" and "move expeditiously" to ensure that the injunction comports with the "principles of equity" described in CASA, id. slip op. at 19, 26 (emphasis added), we conclude that it is prudent to remand to the District Court, while retaining our jurisdiction over the appeal.  The remand is for the limited purpose of enabling the District Court to consider the bearing, if any, of that guidance in CASA on the scope of the preliminary injunction in No. 25-1170 and to act accordingly.  In doing so, we expect the District Court to address any arguments that the parties may advance with respect to what grounds may now be asserted regarding the injunction's scope.

For these reasons, the Motion is denied, and the matter is remanded to the District Court for the limited purposes described herein, with this court retaining jurisdiction. We understand the District Court will act promptly in accordance with the briefing schedule that it entered on July 2, 2025.

                                         By the Court:
                                         Anastasia Dubrovsky, Clerk

cc: Hon. Leo T. Sorokin, Robert Farrell, Clerk, United States District Court for the District of Massachusetts, Jeremy Feigenbaum, Shankar Duraiswamy, Elizabeth R. Walsh, Viviana Maria Hanley, Jared B. Cohen, Gerard J. Cedrone, Annabelle Cathryn Wilmott, Delbert Tran, Denise Yesenia Levey, Irina Trasovan, Lorraine Lopez, Marissa Malouff, Christopher David Hu, Michael Louis Newman, Shannon Wells Stevenson, William M. Tong, Janelle Medeiros, Vanessa L. Kassab, Jeremy Girton, Caroline S. Van Zile, Kalikoonalani Diara Fernandes, Sean D. Magenis, Thomas A. Knowlton, Adam D. Kirschner, John C. Keller, Heidi Parry Stern, James Grayson, Ester Murdukhayeva, Matthew William Grieco, Daniel Paul Mosteller, Katherine Connolly Sadeck, Leonard Giarrano IV, Jonathan T. Rose, Gabe Johnson-Karp, David Scott Louk, Sharon Swingle, Donald Campbell Lockhart, Leah Belaire Foley, Eric Dean McArthur, Mark R. Freeman, Brett Allen Shumate, Abraham R. George, Bradley Hinshelwood, Derek Weiss, Jonathan Benjamin Miller, James Matthew Rice, Whitney D. Hermandorfer, George W. Vien, R. Trent McCotter, Pietro Alfredo Conte, Matt A. Crapo, Ryan P. McLane, Rubin Young, Mark Marvin, Melvin Jones Jr., Colleen Connors, Leonard W. Houston, Neil Giovanatti, Stephanie M. Service, Toni L. Harris, William J. Olson, Jeremiah Morgan, Cody C. Coll, Ari Cuenin, Judd E. Stone II, Anna Marks Baldwin, James J. Pastore Jr., Chester S. Dubov, Natalie Tsang, Stephanie De Marisco Thomas, Reena Parikh, Juan Camilo Mendez Guzman, Vincent Levy, Hannah Bartlett, Douglas Edward Lieb, Jonathan Weinberg, Douglas Jensen, Brianne J. Gorod, Indra Neel Chatterjee, Owen Richard Wolfe, Lori Chen, Wendy Mengwen Feng, Steven Ury, Edgar Chen, Richard B. Kendall, Jonathan Hacker, Susan McMahon, Robert Seungchul Chang, Bethany Yue Ping Li, Jessica Levin, Melissa Lee, Ivan E. Espinoza-Madrigal, Oren McCleary Sellstrom, Mirian Albert