# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

USDC Docket Number: 25cv10139-LTS

USCA Docket Number: 25-1170

State of New Jersey et al

v.

Donald J. Trump et al

## CLERK'S SUPPLEMENTAL CERTIFICATE OF THE RECORD ON APPEAL

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed _____ paper documents __X__ electronic documents:

**Main Documents:**

Document Numbers: ECF NO. 203 ORDER ON SCOPE OF PRELIMINARY INJUNCTION

**Other Documents:**

Sealed Records:

Document Numbers: _____

*Ex parte* Records:

Document Numbers: _____

are to be included with the record on appeal in the above entitled case.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on July 25, 2025 .

ROBERT M. FARRELL
Clerk of Court

By: /s/Matthew A. Paine
Deputy Clerk

Receipt of the documents in the above entitled case is hereby acknowledged this date: _____.

_____
Deputy Clerk, US Court of Appeals

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: <ins>1:25–cv–10139–LTS</ins>

State of New Jersey et al v. Trump et al

Assigned to: District Judge Leo T. Sorokin

related Case:  1:25–cv–10135–LTS

Case in other court:  United States Supreme Court, 24A886

USCA – First Circuit, 25–01158

USCA – First Circuit, 25–01170

USCA – First Circuit, 25–01200

Cause: 28:1331 Fed. Question

Date Filed: 01/21/2025

Jury Demand: None

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: U.S. Government Defendant

**<ins>Plaintiff</ins>**

| | | |
|---|---|---|
| **State of New Jersey** | represented by | **Shankar Duraiswamy**<br>33 Washington St.<br>Newark, NJ 07102<br>908–507–2949<br>Email: <ins>shankar.duraiswamy@njoag.gov</ins><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Elizabeth R. Walsh**<br>New Jersey Office of the Attorney General<br>124 Halsey Street<br>PO Box 45029<br>Newark, NJ 07101<br>609–696–5289<br>Email: <ins>elizabeth.walsh@law.njoag.gov</ins><br>*ATTORNEY TO BE NOTICED* |
| | | **Gerard J. Cedrone**<br>Massachusetts Attorney General's Office<br>One Ashburton Place<br>20th Floor<br>Boston, MA 02108<br>617–963–2282<br>Email: <ins>gerard.cedrone@mass.gov</ins><br>*ATTORNEY TO BE NOTICED* |
| | | **Jeremy Feigenbaum**<br>Office of the NJ Attorney General<br>Richard J. Hughes Justice Complex<br>25 Market Street<br>Trenton, NJ 08625<br>609–376–2690<br>Email: <ins>jeremy.feigenbaum@njoag.gov</ins><br>*ATTORNEY TO BE NOTICED* |

1

**Shefali Saxena**
New Jersey Attorney General
124 Halsey Street
PO Box 45029
Ste 5th Floor
Newark, NJ 07102
609–696–5254
Email: shefali.saxena@law.njoag.gov
*ATTORNEY TO BE NOTICED*

**Viviana Maria Hanley**
State of New Jersey
Office of the Attorney General
25 Market Street
PO Box 080
Trenton, NJ 08625
862–350–5800
Email: viviana.hanley@njoag.gov
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Commonwealth of Massachusetts**          represented by  **Gerard J. Cedrone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David C. Kravitz**
Mass. Attorney General's Office
One Ashburton Place, 20th floor
Boston, MA 02108
617–963–2427
Email: david.kravitz@state.ma.us
*ATTORNEY TO BE NOTICED*

**Jared B. Cohen**
Massachusetts Attorney General's Office
McCormack Building
One Ashburton Place
Boston, MA 02108
617–963–2833
Fax: 617–573–5358
Email: jared.b.cohen@mass.gov
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**State of California**          represented by  **Annabelle Cathryn Wilmott**
Office of The Attorney General
1300 I Street
Sacramento, CA 95814
916–210–7811

Email: annabelle.wilmott@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Delbert Tran**
Office of The Attorney General
455 Golden Gate Ave.
Ste 11000
San Francisco, CA 95111
415–229–0110
Email: delbert.tran@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Denise Yesenia Levey**
Office of The Attorney General of the
State of California
300 S Spring Street
Ste 1702
Los Angeles, CA 90013
213–269–6269
Email: denise.levey@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Irina Trasovan**
Office of The Attorney General
300 S. Spring Street
Ste 1702
Los Angeles, CA 90013
213–269–6261
Email: irina.trasovan@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Lorraine Lopez**
Office of the Attorney General of the State
of California
300 S. Spring Street
Los Angeles, CA 90013
213–269–6616
Email: lorraine.lopez@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Marissa Malouff**
Office of the Attorney General of the State
of California
300 S. Spring Street
Ste 1702
Los Angeles, CA 90026
719–252–2589
Email: marissa.malouff@doj.ca.gov

*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **State of Colorado** | represented by | **Shannon Wells Stevenson**<br>Colorado Department of Law<br>1300 Broadway<br>Denver, CO 80203<br>720–508–6749<br>Email: shannon.stevenson@coag.gov<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Gerard J. Cedrone**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **State of Connecticut** | represented by | **William M. Tong**<br>Office of the Attorney General<br>165 Capitol Avenue<br>Suite 5000<br>Hartford, CT 06106<br>860–808–5318<br>Email: ag.court.tong@ct.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Gerard J. Cedrone**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Janelle Medeiros**<br>Office of the Attorney General<br>Special Litigation<br>165 Capitol Avenue<br>Hartford, CT 06106<br>860–808–5020<br>Fax: 860–808–5347<br>Email: janelle.medeiros@ct.gov<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **State of Delaware** | represented by | **Gerard J. Cedrone**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Ian Liston**<br>Delaware Department of Justice<br>820 North French Street<br>Wilmington, DE 19801 |

4

302–683–8875
Email: ian.liston@delaware.gov
*ATTORNEY TO BE NOTICED*

**Vanessa L Kassab**
Delaware Department of Justice
Division of Fraud and Consumer
Protection
Carvel State Building
820 N. French St.
Wilmington, DE 19801
302–683–8881
Email: vanessa.kassab@delaware.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**District of Columbia**                    represented by    **Nicole Suzanne Hill**
Office of the Attorney General for the
District of Columbia
400 6th Street, N.W.
Washington, DC 20001
202–727–4171
Email: nicole.hill@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Hawaii**                    represented by    **Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kalikoonalani Diara Fernandes**
Department of the Attorney General, State
of Hawaii
425 Queen Street
Honolulu, HI 96813
808–586–1360
Email: kaliko.d.fernandes@hawaii.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Maine**                    represented by    **Sean D. Magenis**
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04330
207–626–8830
Email: sean.d.magenis@maine.gov

5

*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **State of Maryland** | represented by | **Adam Kirschner** |

Office of the Attorney General– State of
Maryland
200 Saint Paul Place
Baltimore, MD 21202
410–576–6424
Email: akirschner@oag.state.md.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Dana Nessel**<br>*Attorney General* | represented by | **Neil Giovanatti** |

MI Department of Attorney General
525 W. Ottawa Street
P.O. Box 30758
Lansing, MI 48909
517–335–7603
Email: giovanattin@michigan.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephanie M. Service**
Michigan Department of Attorney General
PO Box 30758
525 W. Ottawa St., 3rd Flr.
Lansing, MI 48909
517–335–7603
Fax: 517–335–1152
Email: services3@michigan.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Toni L. Harris**
Michigan Department of Attorney General
525 W. Ottawa Street
P.O. Box 30758
Lansing, MI 48909
517–335–7603
Fax: 517–335–1152
Email: harrist19@michigan.gov
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**State of Minnesota**                    represented by    **Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John C. Keller**
Office of the Minnesota Attorney General
75 Rev. Dr. Martin Luther King Jr. Blvd.
Suite 102
St. Paul, MN 55155
651−757−1355
Email: john.keller@ag.state.mn.us
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**State of Nevada**                    represented by    **Heidi Parry Stern**
Nevada Attorney General's Office
1 State of Nevada Way
Ste 100
Las Vegas, NV 89119
702−486−3594
Email: hstern@ag.nv.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**State of New Mexico**                    represented by    **James Grayson**
NM Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504−1508
505−218−0850
Email: jgrayson@nmag.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

7

**State of New York**                    represented by   **Stacey M. Metro**
NYS Office of The Attorney General
Civil Recoveries Bureau
The Capitol
Albany, NY 12224
518–776–2218
Fax: 518–915–7729
Email: stacey.metro@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Zoe Levine**
NYS Office of The Attorney General
28 Liberty Street
New York, NY 10005
212–416–8329
Email: zoe.levine@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of North Carolina**              represented by   **Daniel Paul Mosteller**
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
919–716–6026
Email: dmosteller@ncdoj.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Rhode Island**                represented by   **Katherine Connolly Sadeck**
RI Department of Attorney General
150 South Main Street
Providence, RI 02903
401–274–4400
Email: ksadeck@riag.ri.gov
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
RI Department of Attorney General
150 South Main Street
Providence, RI 02903
401–274–4400
Email: lgiarrano@riag.ri.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Vermont**                    represented by    **Julio A Thompson**
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609–1001
802–828–5516
Email: julio.thompson@vermont.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Wisconsin**                  represented by    **Gabe Johnson–Karp**
Wisconsin Department of Justice
17 West Main Street
PO Box 7857
Madison, WI 53707–7857
608–267–8904
Email: gabe.johnson–karp@wisdoj.gov
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**City and County of San Francisco**    represented by    **David Scott Louk**
San Francisco City Attorney's Office
1390 Market St.
Fox Plaza, 7th Floor
San Francisco, CA 94102
415–355–3314
Fax: 415–437–4644
Email: david.louk@sfcityatty.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David S. Chiu**
San Francisco City Attorney's Office
City Hall
1 Dr. Carlton B. Goodlett Place
Room 234
San Francisco, CA 94102
415–554–4700
Email: luis.a.zamora@sfcityatty.org
*ATTORNEY TO BE NOTICED*

**Gerard J. Cedrone**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Mollie Mindes Lee**
San Francisco City Attorney's Office
1390 Market Street
Ste 7th Floor
San Francisco, CA 94102
415–554–4260
Fax: 415–437–4644
Email: mollie.lee@sfcityatty.org
*ATTORNEY TO BE NOTICED*

**Molly J. Alarcon**
San Francisco City Attorney's Office
1390 Market Street
Ste 7th Floor
San Francisco, CA 94102
415–554–3894
Fax: 415–437–4644
Email: molly.alarcon@sfcityatty.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sara J. Eisenberg**
San Francisco City Attorney's Office
1390 Market Street, 6th Floor
San Francisco, CA 94102
415–554–3800
Fax: 415–437–4644
Email: sara.eisenberg@sfcityatty.org
*ATTORNEY TO BE NOTICED*

**Yvonne Mere**
San Francisco City Attorney's Office
City Hall
1 Dr Carlton B Goodlett Place
Room 234
San Francisco, CA 94102
415–554–4708
Fax: 415–554–4715
Email: yvonne.mere@sfcityatty.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Donald J. Trump**
*in his official capacity as President of the United States*

represented by **Brad P. Rosenberg**
1100 L Street, NW
Washington, DC 20005
202–514–3374

Email: brad.rosenberg@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
202–514–3301
Email: eric.hamilton@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
DOJ–Civ
1100 L Street NW
District of Columbia, DC 20005
202–305–3654
Email: kathleen.c.jacobs@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
DOJ–Civ
1100 L St. NW
Washington, DC 20005
202–616–8098
Email: robert.c.merritt@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
DOJ–Civ
1100 L St NW
Washington, DC 20005
202–598–3869
Email: yuri.s.fuchs@usdoj.gov
*TERMINATED: 07/11/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of State**                    represented by    **Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

11

**Robert Charles Merritt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 07/11/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Marco Rubio**<br>*in his official capacity as Secretary of State* | represented by | **Brad P. Rosenberg**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 07/11/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **U.S. Department of Homeland Security** | represented by | **Brad P. Rosenberg**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 07/11/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Benjamine Huffman**
*in his official capacity as Acting
Secretary of Homeland Security*

represented by **Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 07/11/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of Health and Human
Services**

represented by **Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**

(See above for address)
*TERMINATED: 07/11/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dorothy Fink**                          represented by   **Brad P. Rosenberg**
*in her official capacity as Acting*                        (See above for address)
*Secretary of Health and Human Services*                    *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Eric Hamilton**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kathleen Jacobs**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Robert Charles Merritt**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Yuri Fuchs**
                                                            (See above for address)
                                                            *TERMINATED: 07/11/2025*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Social Security Administration**   represented by   **Brad P. Rosenberg**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Eric Hamilton**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kathleen Jacobs**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Robert Charles Merritt**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Yuri Fuchs**
                                                            (See above for address)
                                                            *TERMINATED: 07/11/2025*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Michelle King** | represented by | **Brad P. Rosenberg** |
| *in her official capacity as Acting* | | (See above for address) |
| *Commissioner of Social Security* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 07/11/2025*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **United States of America** | represented by | **Brad P. Rosenberg** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Eric Hamilton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Charles Merritt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 07/11/2025*
*ATTORNEY TO BE NOTICED*

**Amicus**

represented by

**Local Governments and Local
Government Officials**

Jonathan Benjamin Miller
Public Rights Project
490 43rd Street, #115
Oakland, CA 94609
646–831–6113
Email: jon@publicrightsproject.org
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**State of Tennessee**                    represented by  **Andrew C. Coulam**
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 27202–0207
615–741–1868
Email: andrew.coulam@ag.tn.gov
*ATTORNEY TO BE NOTICED*

**James Matthew Rice**
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202–0207
615–532–6026
Email: matt.rice@ag.tn.gov
*ATTORNEY TO BE NOTICED*

**Whitney D. Hermandorfer**
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202
615–741–7403
Email: whitney.hermandorfer@ag.tn.gov
*TERMINATED: 07/15/2025*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Members of Congress**                    represented by  **George W. Vien**
Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street
Boston, MA 02110
617–720–2880
Fax: 617–720–3554
Email: gwv@dcglaw.com
*ATTORNEY TO BE NOTICED*

**Pietro A. Conte**
Donnelly Conroy & Gelhaar
260 Franklin Street
Suite 1600
Boston, MA 02110
617–720–2880
Email: pac@dcglaw.com

*ATTORNEY TO BE NOTICED*

**R. Trent McCotter**
Boyden Gray PLLC
800 Connecticut Ave. NW
Suite 900
Washington, DC 20006
202–706–5488
Email: tmccotter@boydengray.com
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Immigration Reform Law Institute**    represented by    **Matthew James O'Brien**
Immigration Reform Law Institute
25 Massachusetts Avenue NW
Suite 335
Washington, DC 20001
571–236–8146
Email: mobrien@irli.org
*TERMINATED: 04/25/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher J. Hajec**
Immigration Reform Law Institute
25 Massachusetts Avenue NW, Suite 335
Washington, DC 20001
202–232–5590
Email: chajec@irli.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**The State of Iowa and 17 other States**    represented by    **Nathaniel M. Lindzen**
Law Office of Nathaniel Lindzen/SWI
57 School Street
Wayland, MA 01778
212–810–7627
Email: nlindzen@corpfraudlaw.com
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Edwin L Meese, III**    represented by    **Frank L. McNamara , Jr.**
McNamara & Associates
53 Wilder Road
Bolton, MA 01740
978–333–9608
Email: franklmcnamara@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan P. McLane**
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
413–789–7771
Email: ryan@mclanelaw.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Rubin Young**                    represented by  **Rubin Young**
                                                   14060 SW 258th St.
                                                   Homestead, FL 33032
                                                   PRO SE

**Interested Party**

**Mark Marvin**                    represented by  **Mark Marvin**
                                                   135 Mills Road
                                                   Walden, NY 12586
                                                   PRO SE

**Interested Party**

**Melvin Jones, Jr.**

V.

**Intervenor**

**Leonard W. Houston**             represented by  **Leonard W. Houston**
*TERMINATED: 02/04/2025*                           148 Deer Court Drive, Bldg. 4
                                                   Middletown, NY 10940
                                                   845–343–8923
                                                   Email: lenny.houston@yahoo.com
                                                   PRO SE

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 01/21/2025 | 1 | COMPLAINT *for Declaratory and Injunctive Relief* against All Defendants Filing fee: $ 405, receipt number AMADC–10796809 (Fee Status: Filing Fee paid), filed by Commonwealth of Massachusetts. (Attachments: # 1 Exhibit A (Executive Order), # 2 Civil Cover Sheet, # 3 Category Form)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 2 | NOTICE of Appearance by Gerard J. Cedrone on behalf of Commonwealth of Massachusetts (Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 3 | MOTION for Preliminary Injunction *and for Expedited Briefing* by Commonwealth of Massachusetts. (Attachments: # 1 Text of Proposed Order)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 4 | |

| | | NOTICE of Appearance by Jared B. Cohen on behalf of Commonwealth of Massachusetts (Cohen, Jared) (Entered: 01/21/2025) |
|---|---|---|
| 01/21/2025 | 5 | MEMORANDUM in Support re 3 MOTION for Preliminary Injunction *and for Expedited Briefing* filed by Commonwealth of Massachusetts. (Attachments: # 1 Table of Exhibits, # 2 Exhibit A (Adelman Decl.), # 3 Exhibit B (Ehling Decl.), # 4 Exhibit C (Baston Decl.), # 5 Exhibit D (Jamet Decl.), # 6 Exhibit E (Boyle Decl.), # 7 Exhibit F (Lapkoff Decl.), # 8 Exhibit G (Rice Decl.), # 9 Exhibit H (Sesti Decl.), # 10 Exhibit I (Duncan Decl.), # 11 Exhibit J (Groen Decl.), # 12 Exhibit K (Harrington Decl.), # 13 Exhibit L (Heenan Decl.), # 14 Exhibit M (Nguyen Decl.), # 15 Exhibit N (Villamil–Cummings Decl.), # 16 Exhibit O (Armenia Decl.), # 17 Exhibit P (Fanning Decl.), # 18 Exhibit Q (Avenia Decl.), # 19 Exhibit R (Hadler Decl.), # 20 Exhibit S (Gauthier Decl.), # 21 Exhibit T (Wong Decl.), # 22 Exhibit U (State Dept. Foreign Affairs Manual), # 23 Exhibit V (Weisberg Decl.), # 24 Exhibit W (Executive Order), # 25 Exhibit X (Webster's Dictionary), # 26 Exhibit Y (Blackstone's Commentaries), # 27 Exhibit Z (Congressional Globe))(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 6 | ELECTRONIC NOTICE of Case Assignment. District Judge Leo T. Sorokin assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge M. Page Kelley. (NMC) (Entered: 01/21/2025) |
| 01/21/2025 | 7 | MOTION for Leave to Appear Pro Hac Vice for admission of Jeremy M. Feigenbaum, Shankar Duraiswamy, Viviana M. Hanley, Shefali Saxena, and Elizabeth R. Walsh Filing fee: $ 625, receipt number AMADC–10797167 by State of New Jersey. (Attachments: # 1 Jeremy M. Feigenbaum Certification, # 2 Shankar Duraiswamy Certification, # 3 Viviana M. Hanley Certification, # 4 Shefali Saxena Certification, # 5 Elizabeth R. Walsh Certification)(Cedrone, Gerard) Modified on 1/23/2025: Updated docket text. (Entered: 01/21/2025) |
| 01/21/2025 | 8 | MOTION for Leave to Appear Pro Hac Vice for admission of Denise Levey, Delbert Tran, Irina Trasovan, Marissa Malouff, Lorraine Lopez, and Annabelle Wilmott by State of California. (Attachments: # 1 Denise Levey Certification, # 2 Delbert Tran Certification, # 3 Irina Trasovan Certification, # 4 Marissa Malouff Certification, # 5 Lorraine Lopez Certification, # 6 Annabelle Wilmott Certification)(Cedrone, Gerard) Modified on 1/23/2025: Updated docket text. (SED). (Entered: 01/21/2025) |
| 01/21/2025 | 9 | NOTICE of Appearance by Katherine Connolly Sadeck on behalf of State of Rhode Island (Sadeck, Katherine) (Entered: 01/21/2025) |
| 01/21/2025 | 10 | MOTION for Leave to Appear Pro Hac Vice for admission of Shannon Stevenson by State of Colorado. (Attachments: # 1 Shannon Stevenson Certification)(Cedrone, Gerard) Modified on 1/23/2025: Updated docket text. (SED). (Entered: 01/21/2025) |
| 01/21/2025 | 11 | MOTION for Leave to Appear Pro Hac Vice for admission of William M. Tong and Janelle Rose Medeiros by State of Connecticut. (Attachments: # 1 William M. Tong Certification, # 2 Janelle Rose Medeiros Certification)(Cedrone, Gerard) Modified on 1/23/2025: Updated docket text. (SED). (Entered: 01/21/2025) |
| 01/21/2025 | 12 | NOTICE of Appearance by Sean D. Magenis on behalf of State of Maine (Magenis, Sean) (Entered: 01/21/2025) |
| 01/21/2025 | 13 | MOTION for Leave to Appear Pro Hac Vice for admission of Daniel P. Mosteller Filing fee: $ 125, receipt number AMADC–10797996 by State of North Carolina. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Certification of Daniel P. Mosteller)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 14 | NOTICE OF ATTORNEY PAYMENT OF FEES as to 11 MOTION for Leave to Appear Pro Hac Vice for admission of William M. Tong and Janelle Rose Medeiros by Plaintiff State of Connecticut. Filing fee $ 250, receipt number AMADC−10798064. Payment Type : PRO HAC VICE. (Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 15 | MOTION for Leave to Appear Pro Hac Vice for admission of Julio A. Thompson Filing fee: $ 125, receipt number AMADC−10798127 by State of Vermont. (Attachments: # 1 Julio A. Thompson Certification)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 16 | MOTION for Leave to Appear Pro Hac Vice for admission of Gabe Johnson−Karp Filing fee: $ 125, receipt number AMADC−10798178 by State of Wisconsin. (Attachments: # 1 Gabe Johnson−Karp Certification)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 17 | MOTION for Leave to Appear Pro Hac Vice for admission of John C. Keller Filing fee: $ 125, receipt number AMADC−10798221 by State of Minnesota. (Attachments: # 1 John C. Keller Certification)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 18 | NOTICE OF ATTORNEY PAYMENT OF FEES as to 10 MOTION for Leave to Appear Pro Hac Vice for admission of Shannon Stevenson by Plaintiff State of Colorado. Filing fee $ 125, receipt number AMADC−10798258. Payment Type : PRO HAC VICE. (Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 19 | MOTION for Leave to Appear Pro Hac Vice for admission of David S. Louk and Molly J. Alarcon Filing fee: $ 250, receipt number AMADC−10798271 by City and County of San Francisco. (Attachments: # 1 David S. Louk Certification, # 2 Molly J. Alarcon Certification)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 20 | Summons Issued as to Dorothy Fink, Benjamine Huffman, Michelle King, Marco Rubio, Donald J. Trump, U.S. Department of Health and Human Services, U.S. Department of Homeland Security, U.S. Department of State, U.S. Social Security Administration, United States of America. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (LBO) (Entered: 01/21/2025) |
| 01/21/2025 | 21 | MOTION for Leave to Appear Pro Hac Vice for admission of Neil Giovanatti, Toni L. Harris, and Stephanie M. Service Filing fee: $ 375, receipt number AMADC−10798386 by Dana Nessel. (Attachments: # 1 Neil Giovanatti Certification, # 2 Toni L. Harris Certification, # 3 Stephanie M. Service Certification)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/21/2025 | 22 | MOTION for Leave to Appear Pro Hac Vice for admission of Vanessa L. Kassab Filing fee: $ 125, receipt number AMADC−10798387 by State of Delaware. (Attachments: # 1 Vanessa L. Kassab Certification)(Cedrone, Gerard) (Entered: 01/21/2025) |
| 01/22/2025 | 23 | MOTION for Leave to Appear Pro Hac Vice for admission of Zoe Levine Filing fee: $ 125, receipt number AMADC−10798893 by State of New York.(Metro, Stacey) |

| | | |
|---|---|---|
| | | (Main Document 23 replaced on 1/23/2025, detached from supporting document) (FGD). (Additional attachment(s) added on 1/23/2025: # 1 Certificate of Zoe Levine) (FGD). (Entered: 01/22/2025) |
| 01/22/2025 | 24 | MOTION for Leave to Appear Pro Hac Vice for admission of Nicole S. Hill Filing fee: $ 125, receipt number AMADC−10799082 by District of Columbia. (Attachments: # 1 Nicole S. Hill Certification)(Cedrone, Gerard) (Entered: 01/22/2025) |
| 01/22/2025 | 25 | MOTION for Leave to Appear Pro Hac Vice for admission of James W. Grayson Filing fee: $ 125, receipt number AMADC−10799163 by State of New Mexico. (Attachments: # 1 James W. Grayson Certification)(Cedrone, Gerard) (Entered: 01/22/2025) |
| 01/22/2025 | 26 | District Judge Leo T. Sorokin: ORDER entered: Plaintiffs shall show cause by Friday, January 24, 2025 at 4 PM why this case should not be returned to the Clerk for random assignment. Joint status report regarding briefing schedule due Friday January 24, 2025 at 4 PM. (FGD) (Entered: 01/22/2025) |
| 01/22/2025 | 27 | NOTICE OF ATTORNEY PAYMENT OF FEES as to 8 MOTION for Leave to Appear Pro Hac Vice for admission of Denise Levey, Delbert Tran, Irina Trasovan, Marissa Malouff, Lorraine Lopez, and Annabelle Wilmott by Plaintiff State of California. Filing fee $ 750, receipt number AMADC−10799509. Payment Type : PRO HAC VICE. (Cedrone, Gerard) (Entered: 01/22/2025) |
| 01/22/2025 | 28 | MOTION for Leave to Appear Pro Hac Vice for admission of Kaliko'onalani D. Fernandes Filing fee: $ 125, receipt number AMADC−10799624 by State of Hawaii. (Attachments: # 1 Kaliko'onalani D. Fernandes Certification)(Cedrone, Gerard) (Entered: 01/22/2025) |
| 01/23/2025 | 29 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 24 Motion for Leave to Appear Pro Hac Vice Added Nicole S. Hill. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. (SED) (Entered: 01/23/2025) |
| 01/23/2025 | 30 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 13 Motion for Leave to Appear Pro Hac Vice Added Daniel P. Mosteller. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To** |

| | | |
|---|---|---|
| | | **register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 31 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>15</u> Motion for Leave to Appear Pro Hac Vice Added Julio A. Thompson.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 32 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>16</u> Motion for Leave to Appear Pro Hac Vice Added Gabe Johnson−Karp.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 33 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>17</u> Motion for Leave to Appear Pro Hac Vice Added John C. Keller. |

| | | |
|---|---|---|
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. |
| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. |
| | | (FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 34 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 25 Motion for Leave to Appear Pro Hac Vice Added James W. Grayson. |
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. |
| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. |
| | | (SED) (Entered: 01/23/2025) |
| 01/23/2025 | 35 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 28 Motion for Leave to Appear Pro Hac Vice Added Kaliko'onalani D. Fernandes. |
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. |
| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. |
| | | (SED) (Entered: 01/23/2025) |
| 01/23/2025 | 36 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 19 Motion for Leave to Appear Pro Hac Vice Added Molly J. Alarcon, David S. Louk. |

| | | |
|---|---|---|
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 37 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>21</u> Motion for Leave to Appear Pro Hac Vice Added Neil Giovanatti, Toni L. Harris, Stephanie M. Service.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 38 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>22</u> Motion for Leave to Appear Pro Hac Vice Added Vanessa L. Kassab.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 39 | |

| | | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 23 Motion for Leave to Appear Pro Hac Vice Added Zoe Levine.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/23/2025) |
|---|---|---|
| 01/23/2025 | 40 | SUMMONS Returned Executed as to US Attorney by Dana Nessel, District of Columbia, Commonwealth of Massachusetts, State of Rhode Island, State of New Jersey, State of Vermont, State of Nevada, State of North Carolina, State of Delaware, State of California, State of Maine, State of Minnesota, State of New Mexico, State of New York, City and County of San Francisco, State of Hawaii, State of Colorado, State of Maryland, State of Wisconsin, State of Connecticut. All Defendants. (Attachments: # 1 Affidavit of In–Person Service on the United States Attorney's Office, # 2 Affidavit of Certified Mail Service on Defendants)(Cedrone, Gerard) (Entered: 01/23/2025) |
| 01/23/2025 | 41 | NOTICE of Appearance by Gerard J. Cedrone on behalf of State of New Jersey, State of California, State of Colorado, State of Connecticut (Cedrone, Gerard) (Entered: 01/23/2025) |
| 01/23/2025 | 42 | MOTION for Leave to Appear Pro Hac Vice for admission of Leonard Giarrano IV by State of Rhode Island. (Attachments: # 1 Certificate)(Sadeck, Katherine) (Entered: 01/23/2025) |
| 01/23/2025 | 43 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 42 Motion for Leave to Appear Pro Hac Vice Added Leonard Giarrano IV.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(SED) (Entered: 01/23/2025) |

| 01/23/2025 | 44 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>7</u> Motion for Leave to Appear Pro Hac Vice Added Jeremy M. Feigenbaum, Shankar Duraiswamy, Viviana M. Hanley, Shefali Saxena, and Elizabeth R. Walsh. <br><br> **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br> Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. <br><br> A Notice of Appearance must be entered on the docket by the newly admitted attorney. <br><br> (FGD) (Entered: 01/23/2025) |
|---|---|---|
| 01/23/2025 | 45 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>8</u> Motion for Leave to Appear Pro Hac Vice Added Denise Levey, Delbert Tran, Irina Trasovan, Marissa Malouff, Lorraine Lopez, and Annabelle Wilmott. <br><br> **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br> Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. <br><br> A Notice of Appearance must be entered on the docket by the newly admitted attorney. <br><br> (FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 46 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>10</u> Motion for Leave to Appear Pro Hac Vice Added Shannon Stevenson. <br><br> **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br> Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. <br><br> A Notice of Appearance must be entered on the docket by the newly admitted |

| | | attorney. |
|---|---|---|
| | | (FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 47 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 11 Motion for Leave to Appear Pro Hac Vice Added William M. Tong and Janelle Rose Medeiros. |
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. |
| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. |
| | | (FGD) (Entered: 01/23/2025) |
| 01/23/2025 | 48 | NOTICE OF ATTORNEY PAYMENT OF FEES as to 42 MOTION for Leave to Appear Pro Hac Vice for admission of Leonard Giarrano IV by Plaintiff State of Rhode Island. Filing fee $ 125, receipt number AMADC−10802830. Payment Type : PRO HAC VICE. (Sadeck, Katherine) Modified on 1/24/2025: Updated docket text to reflect the motion in which the fee applied to. (FGD) (Entered: 01/23/2025) |
| 01/24/2025 | 49 | NOTICE of Appearance by Daniel Paul Mosteller on behalf of State of North Carolina (Mosteller, Daniel) (Entered: 01/24/2025) |
| 01/24/2025 | 50 | NOTICE of Appearance by Shannon Wells Stevenson on behalf of State of Colorado (Stevenson, Shannon) (Entered: 01/24/2025) |
| 01/24/2025 | 51 | NOTICE of Appearance by Toni L. Harris on behalf of Dana Nessel (Harris, Toni) (Entered: 01/24/2025) |
| 01/24/2025 | 52 | NOTICE of Appearance by Leonard Giarrano, IV on behalf of State of Rhode Island (Giarrano, Leonard) (Entered: 01/24/2025) |
| 01/24/2025 | 53 | NOTICE of Appearance by Neil Giovanatti on behalf of Dana Nessel (Giovanatti, Neil) (Entered: 01/24/2025) |
| 01/24/2025 | 54 | NOTICE of Appearance by Stephanie M. Service on behalf of Dana Nessel (Service, Stephanie) (Entered: 01/24/2025) |
| 01/24/2025 | 55 | NOTICE of Appearance by David Scott Louk on behalf of City and County of San Francisco (Louk, David) (Entered: 01/24/2025) |
| 01/24/2025 | 56 | NOTICE of Appearance by Molly J. Alarcon on behalf of City and County of San Francisco (Alarcon, Molly) (Entered: 01/24/2025) |
| 01/24/2025 | 57 | NOTICE of Appearance by James Grayson on behalf of State of New Mexico (Grayson, James) (Entered: 01/24/2025) |

| 01/24/2025 | 58 | NOTICE of Appearance by Brad P. Rosenberg on behalf of Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America (Rosenberg, Brad) (Entered: 01/24/2025) |
|---|---|---|
| 01/24/2025 | 59 | RESPONSE TO ORDER TO SHOW CAUSE by State of Maryland, Dana Nessel, State of Minnesota, State of Nevada, State of New Mexico, State of New York, State of North Carolina, State of Rhode Island, State of Vermont, State of Wisconsin, State of New Jersey, City and County of San Francisco, Commonwealth of Massachusetts, State of California, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Hawaii, State of Maine. (Cedrone, Gerard) (Entered: 01/24/2025) |
| 01/24/2025 | 60 | STATUS REPORT by State of Maryland, Dana Nessel, State of Minnesota, State of Nevada, State of New Mexico, State of New York, State of North Carolina, State of Rhode Island, State of Vermont, State of Wisconsin, State of New Jersey, City and County of San Francisco, Commonwealth of Massachusetts, State of California, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Hawaii, State of Maine. (Cedrone, Gerard) (Entered: 01/24/2025) |
| 01/24/2025 | 61 | MOTION for Leave to Appear Pro Hac Vice for admission of Adam D. Kirschner Filing fee: $ 125, receipt number AMADC−10805597 by State of Maryland. (Attachments: # 1 Adam D. Kirschner Certification)(Cedrone, Gerard) (Entered: 01/24/2025) |
| 01/24/2025 | 62 | NOTICE of Appearance by Robert Charles Merritt on behalf of Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America (Merritt, Robert) (Entered: 01/24/2025) |
| 01/24/2025 | 63 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 61 Motion for Leave to Appear Pro Hac Vice Added Adam D. Kirschner. **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. A Notice of Appearance must be entered on the docket by the newly admitted attorney. (FGD) (Entered: 01/24/2025) |
| 01/24/2025 | 64 | NOTICE of Appearance by Nicole Suzanne Hill on behalf of District of Columbia (Hill, Nicole) (Entered: 01/24/2025) |
| 01/24/2025 | 65 | |

| | | NOTICE of Appearance by Denise Yesenia Levey on behalf of State of California (Levey, Denise) (Entered: 01/24/2025) |
|---|---|---|
| 01/24/2025 | 66 | NOTICE of Appearance by Irina Trasovan on behalf of State of California (Trasovan, Irina) (Entered: 01/24/2025) |
| 01/24/2025 | 67 | NOTICE of Appearance by Zoe Levine on behalf of State of New York (Levine, Zoe) (Entered: 01/24/2025) |
| 01/24/2025 | 68 | NOTICE of Appearance by Delbert Tran on behalf of State of California (Tran, Delbert) (Entered: 01/24/2025) |
| 01/24/2025 | 69 | NOTICE of Appearance by Lorraine Lopez on behalf of State of California (Lopez, Lorraine) (Entered: 01/24/2025) |
| 01/24/2025 | 70 | NOTICE of Appearance by Annabelle Cathryn Wilmott on behalf of State of California (Wilmott, Annabelle) (Entered: 01/24/2025) |
| 01/24/2025 | 71 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered.<br><br>After review of the response to the Order to Show Cause filed by the Plaintiffs, Doc. No. 59, the Court discharges the Order and determines that the two cases at issue are related within the meaning of Local Rule 40.1(g) for the reasons expressed in the filing.  Most significantly, the Court notes: (1) though the Complaint and Motion filed by the Plaintiffs in this case involve a broader range of factual issues, they do also involve the same factual issues raised by the Doe Complaint and Motion; (2) random reassignment of this case poses a risk of different determinations as to the same factual issues, as well as a possible risk that Defendants might become subject to conflicting court orders regarding their treatment of Ms. Doe and members of the organizations that are also plaintiffs in the Doe case; and (3) counsel representing all Defendants in both cases &ldquo;do not oppose continuing to treat the cases as related,&rdquo; Doc. No. 59 at 1 n.1.  In addition, the Court ADOPTS the jointly proposed briefing deadlines, Doc. No. 60 at 1, and schedules a hearing on the Plaintiffs&rsquo; motion for preliminary injunction (Doc. No. 3) for February 7, 2025, at 10:00 AM, along with the previously scheduled hearing on the motion for preliminary injunctive relief in Doe.( Motion Hearing set for 2/7/2025 10:00 AM in Courtroom 13 (In person only) before District Judge Leo T. Sorokin.)(SED) (Entered: 01/24/2025) |
| 01/24/2025 | 72 | NOTICE of Appearance by Marissa Malouff on behalf of State of California (Malouff, Marissa) (Entered: 01/24/2025) |
| 01/27/2025 | 73 | NOTICE of Appearance by John C. Keller on behalf of State of Minnesota (Keller, John) (Entered: 01/27/2025) |
| 01/27/2025 | 74 | NOTICE of Appearance by Shefali Saxena on behalf of State of New Jersey (Saxena, Shefali) (Additional attachment(s) added on 1/28/2025: # 1 Certficate of Service) (FGD). (Entered: 01/27/2025) |
| 01/27/2025 | 75 | NOTICE of Appearance by Elizabeth R. Walsh on behalf of State of New Jersey (Walsh, Elizabeth) (Additional attachment(s) added on 1/28/2025: # 1 Certficate of Service) (FGD). (Main Document 75 replaced on 1/28/2025, with corrected information per counsel's request.) (FGD) (Entered: 01/27/2025) |
| 01/27/2025 | 76 | NOTICE of Appearance by William M. Tong on behalf of State of Connecticut (Tong, William) (Entered: 01/27/2025) |

| 01/27/2025 | 77 | NOTICE of Appearance by Janelle Medeiros on behalf of State of Connecticut (Medeiros, Janelle) (Entered: 01/27/2025) |
| 01/27/2025 | 78 | NOTICE of Appearance by Yuri Fuchs on behalf of Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America (Fuchs, Yuri) (Entered: 01/27/2025) |
| 01/27/2025 | 79 | MOTION for Leave to Appear Pro Hac Vice for admission of Heidi Parry Stern Filing fee: $ 125, receipt number AMADC–10808133 by State of Nevada. (Attachments: # 1 Heidi Parry Stern Certification)(Cedrone, Gerard) (Entered: 01/27/2025) |
| 01/27/2025 | 80 | NOTICE of Appearance by Kalikoonalani Diara Fernandes on behalf of State of Hawaii (Fernandes, Kalikoonalani) (Entered: 01/27/2025) |
| 01/28/2025 | 81 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 79 Motion for Leave to Appear Pro Hac Vice Added Heidi Parry Stern.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 01/28/2025) |
| 01/28/2025 | 82 | NOTICE of Appearance by Viviana Maria Hanley on behalf of State of New Jersey (Hanley, Viviana) (Entered: 01/28/2025) |
| 01/28/2025 | 83 | District Judge Leo T. Sorokin: ORDER entered. New Civil Cases General Procedural ORDER. (FGD) (Entered: 01/28/2025) |
| 01/28/2025 | 84 | MOTION for Leave to File *Proposed Amicus Brief* by Local Governments and Local Government Officials. (Attachments: # 1 Exhibit Proposed Amicus Brief)(Miller, Jonathan) (Entered: 01/28/2025) |
| 01/29/2025 | 85 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered: re 84 MOTION for Leave to File Proposed Amicus Brief.<br><br>This motion is ALLOWED with the consent of all parties. Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (SED) (Entered: 01/29/2025) |
| 01/29/2025 | 86 | |

| | | NOTICE of Appearance by Adam Kirschner on behalf of State of Maryland (Kirschner, Adam) (Entered: 01/29/2025) |
|---|---|---|
| 01/29/2025 | 87 | NOTICE of Appearance by Heidi Parry Stern on behalf of State of Nevada (Stern, Heidi) (Entered: 01/29/2025) |
| 01/29/2025 | 88 | AMICUS BRIEF filed by Local Governments and Local Government Officials . (Miller, Jonathan) (Entered: 01/29/2025) |
| 01/29/2025 | 89 | NOTICE of Appearance by Shankar Duraiswamy on behalf of State of New Jersey (Duraiswamy, Shankar) (Entered: 01/29/2025) |
| 01/30/2025 | 90 | MOTION for Leave to Appear Pro Hac Vice for admission of David Chiu, Yvonne R. Mere, Sara J. Eisenberg, and Mollie M. Lee by City and County of San Francisco. (Attachments: # 1 David Chiu Certification, # 2 Yvonne R. Mere Certification, # 3 Sara J. Eisenberg Certification, # 4 Mollie M. Lee Certification)(Cedrone, Gerard) (Entered: 01/30/2025) |
| 01/30/2025 | 91 | NOTICE of Appearance by Gabe Johnson–Karp on behalf of State of Wisconsin (Johnson–Karp, Gabe) (Entered: 01/30/2025) |
| 01/31/2025 | 92 | Opposition re 3 MOTION for Preliminary Injunction *and for Expedited Briefing* filed by Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America. (Merritt, Robert) (Entered: 01/31/2025) |
| 01/31/2025 | 93 | MOTION for Leave to Appear Pro Hac Vice for admission of Ian R. Liston Filing fee: $ 125, receipt number AMADC–10818610 by State of Delaware. (Attachments: # 1 Ian R. Liston Certification)(Cedrone, Gerard) (Entered: 01/31/2025) |
| 02/03/2025 | 94 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 93 Motion for Leave to Appear Pro Hac Vice Added Ian R. Liston.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(FGD) (Entered: 02/03/2025) |
| 02/03/2025 | 95 | MOTION for Leave to File *Proposed Amicus Brief* by The State of Iowa and 17 other States. (Attachments: # 1 Exhibit [Proposed] Amicus Brief)(Lindzen, Nathaniel) (Main Document 95 replaced on 2/3/2025, with corrected PDF) (FGD). Modified docket text on 2/4/2025 to correct filer. (Entered: 02/03/2025) |
| 02/03/2025 | 96 | |

| | | |
|---|---|---|
| | | MOTION for Limited Intervention as of Right, the Constitutional Challenge to the Executive Order Purporting to End Birthright Citizenship by Leonard W. Houston. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Cover Letter). (FGD) (Entered: 02/03/2025) |
| 02/03/2025 | 97 | MOTION for Leave to File *Amicus Brief* by State of Tennessee. (Attachments: # 1 Exhibit State of Tennessee's proposed amicus brief)(Coulam, Andrew) (Entered: 02/03/2025) |
| 02/03/2025 | 98 | NOTICE of Appearance by George W. Vien on behalf of Members of Congress (Vien, George) (Entered: 02/03/2025) |
| 02/03/2025 | 99 | NOTICE of Appearance by Matthew James O'Brien on behalf of Immigration Reform Law Institute (O'Brien, Matthew) (Entered: 02/03/2025) |
| 02/03/2025 | 100 | NOTICE of Appearance by Pietro A. Conte on behalf of Members of Congress (Conte, Pietro) (Entered: 02/03/2025) |
| 02/03/2025 | 101 | MOTION for Leave to Appear Pro Hac Vice for admission of R. Trent McCotter Filing fee: $ 125, receipt number AMADC–10820936 by Members of Congress. (Attachments: # 1 Affidavit Exhibit A – Affidavit of R. Trent McCotter)(Vien, George) (Entered: 02/03/2025) |
| 02/03/2025 | 102 | MOTION for Leave to Appear Pro Hac Vice for admission of Daniel Epstein Filing fee: $ 125, receipt number AMADC–10820973 by Members of Congress. (Attachments: # 1 Affidavit Exhibit A – Affidavit of Daniel Epstein)(Vien, George) (Entered: 02/03/2025) |
| 02/03/2025 | 103 | Consent MOTION for Leave to File *Amicus Brief* by Immigration Reform Law Institute. (Attachments: # 1 IRLI Amicus Brief)(O'Brien, Matthew) (Entered: 02/03/2025) |
| 02/03/2025 | 104 | MOTION for Leave to File *Amicus Brief* by Members of Congress. (Attachments: # 1 Exhibit A – Proposed Amicus Brief)(Vien, George) (Entered: 02/03/2025) |
| 02/03/2025 | 105 | MOTION for Leave to Appear Pro Hac Vice for admission of Gabriel R. Canaan, Christopher J. Hajec Filing fee: $ 250, receipt number AMADC–10820983 by Immigration Reform Law Institute. (Attachments: # 1 Gabriel R. Canaan Certification, # 2 Christopher J. Hajec Certification)(O'Brien, Matthew) (Entered: 02/03/2025) |
| 02/03/2025 | 106 | MOTION for Leave to Appear Pro Hac Vice for admission of James Matthew Rice and Whitney D. Hermandorfer Filing fee: $ 250, receipt number AMADC–10820848 by State of Tennessee. (Attachments: # 1 Exhibit Certificate of JMR, # 2 Exhibit Certificate of WDH)(Coulam, Andrew) (Entered: 02/03/2025) |
| 02/03/2025 | 107 | NOTICE of Appearance by Andrew C. Coulam on behalf of State of Tennessee (Coulam, Andrew) (Entered: 02/03/2025) |
| 02/03/2025 | 108 | NOTICE of Appearance by Jeremy Feigenbaum on behalf of State of New Jersey (Feigenbaum, Jeremy) (Entered: 02/03/2025) |
| 02/04/2025 | 109 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 101 Motion for Leave to Appear Pro Hac Vice Added R. Trent McCotter. |

| | | |
|---|---|---|
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. |
| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. |
| | | (FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 110 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>102</u> Motion for Leave to Appear Pro Hac Vice Added Daniel Epstein. |
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. |
| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. |
| | | (FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 111 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>105</u> Motion for Leave to Appear Pro Hac Vice Added Gabriel R. Canaan, and Christopher J. Hajec. |
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. |
| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. |
| | | (FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 112 | |

| | | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 106 Motion for Leave to Appear Pro Hac Vice Added Matthew Rice, and Whitney D. Hermandorfer. <br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm. <br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney. <br><br>(FGD) (Entered: 02/04/2025) |
|---|---|---|
| 02/04/2025 | 113 | NOTICE of Appearance by Whitney D. Hermandorfer on behalf of State of Tennessee (Hermandorfer, Whitney) (Entered: 02/04/2025) |
| 02/04/2025 | 114 | NOTICE of Appearance by R. Trent McCotter on behalf of Members of Congress (McCotter, R. Trent) (Entered: 02/04/2025) |
| 02/04/2025 | 115 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered: <br><br>The Motions for Leave to submit amicus brief filed by Iowa and Seventeen States (# 95 ), Tennessee (# 97 ), Immigration Reform Law Institute (# 103 ), and Members of Congress (# 104 ) are ALLOWED. Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 116 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered: <br><br>The Motion to Intervene (# 96 ) filed pro se by Leonard Houston is DENIED. Even construed liberally, the submission fails to satisfy the movant's burden to establish entitlement to intervention pursuant to Fed. R. Civ. P. 24(a)–(b). The Court directs the Clerk not to place any future filings by Mr. Houston on the docket for this case unless the filing is a motion for reconsideration or a notice of appeal of this order. (FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 117 | Copy re 116 Order, mailed to Leonard Houston on 2/4/2025. (FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 118 | AMICUS BRIEF filed by Members of Congress . (Conte, Pietro) (Entered: 02/04/2025) |
| 02/04/2025 | 119 | NOTICE of Appearance by James Matthew Rice on behalf of State of Tennessee (Rice, James) (Entered: 02/04/2025) |
| 02/04/2025 | 120 | AMICUS BRIEF filed by Immigration Reform Law Institute . (O'Brien, Matthew) (Entered: 02/04/2025) |

| 02/04/2025 | 121 | NOTICE of Appearance by Nathaniel M. Lindzen on behalf of The State of Iowa and 17 other States (Lindzen, Nathaniel) (Entered: 02/04/2025) |
| 02/04/2025 | 122 | AMICUS BRIEF filed by The State of Iowa and 17 other States . (Lindzen, Nathaniel) (Entered: 02/04/2025) |
| 02/04/2025 | 123 | REPLY to Response to 3 MOTION for Preliminary Injunction *and for Expedited Briefing* filed by State of Maryland, Dana Nessel, State of Minnesota, State of Nevada, State of New Mexico, State of New York, State of North Carolina, State of Rhode Island, State of Vermont, State of Wisconsin, State of New Jersey, City and County of San Francisco, Commonwealth of Massachusetts, State of California, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Hawaii, State of Maine. (Attachments: # 1 Exhibit 1860 Webster's Dictionary Excerpt, # 2 Exhibit Hearings on H.R. 6127)(Hanley, Viviana) (Entered: 02/04/2025) |
| 02/04/2025 | 124 | MOTION for Leave to File Amicus Brief in Opposition to Plaintiff's 3 MOTION for Preliminary Injunction filed by Edwin L Meese, III . (Attachments: # 1 Exhibit Amicus Brief)(McNamara, Frank) Modified docketing event and docket text on 2/5/2025, to properly reflect document filed. (FGD) (Entered: 02/04/2025) |
| 02/04/2025 | 125 | Amicus Curiae APPEARANCE entered by Frank L. McNamara, Jr on behalf of Edwin L Meese, III. (McNamara, Frank) Modified on 2/5/2025: Removed duplicate attachment that was already filed with motion. (FGD) (Entered: 02/04/2025) |
| 02/05/2025 | 126 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered re: 124 MOTION for Leave to File Amicus Brief in Opposition to Plaintiff's 3 MOTION for Preliminary Injunction.<br><br>ALLOWED. Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. (FGD) (Entered: 02/05/2025) |
| 02/05/2025 | 127 | AMICUS BRIEF filed by State of Tennessee . (Coulam, Andrew) (Entered: 02/05/2025) |
| 02/05/2025 | 128 | NOTICE of Appearance by Ryan P. McLane on behalf of Edwin L Meese, III (McLane, Ryan) (Entered: 02/05/2025) |
| 02/05/2025 | 129 | AMICUS BRIEF filed by Edwin L Meese, III . (McLane, Ryan) (Main Document 129 replaced on 2/6/2025, with corrected PDF) (FGD). (Entered: 02/05/2025) |
| 02/06/2025 | 130 | NOTICE of Appearance by Eric Hamilton on behalf of Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America (Hamilton, Eric) (Entered: 02/06/2025) |
| 02/06/2025 | 131 | Letter/request (non–motion) from Rubin Young. (Attachments: # 1 Envelope). (FGD) (Entered: 02/06/2025) |
| 02/06/2025 | 132 | Friend of the Court BRIEF in Support of the President's Executive Order Clarifying the 14th Amendment by Rubin Young. (Attachments: # 1 Exhibit). (FGD) (Entered: 02/06/2025) |
| 02/07/2025 | 133 | |

| | | |
|---|---|---|
| | | Payment: $ 125.00, receipt number 100010533 for <u>90</u> MOTION for Leave to Appear Pro Hac Vice for admission of David Chiu, Yvonne R. Mere, Sara J. Eisenberg, and Mollie M. Lee (LBO) (Entered: 02/07/2025) |
| 02/07/2025 | 134 | Payment: $ 125.00, receipt number 100010534 for <u>90</u> MOTION for Leave to Appear Pro Hac Vice for admission of David Chiu, Yvonne R. Mere, Sara J. Eisenberg, and Mollie M. Lee (LBO) (Entered: 02/07/2025) |
| 02/07/2025 | 135 | Payment: $ 125.00, receipt number 100010535 for <u>90</u> MOTION for Leave to Appear Pro Hac Vice for admission of David Chiu, Yvonne R. Mere, Sara J. Eisenberg, and Mollie M. Lee (LBO) (Entered: 02/07/2025) |
| 02/07/2025 | 136 | Electronic Clerk's Notes for proceedings held before District Judge Leo T. Sorokin: <br><br> Motion Hearing held on 2/7/2025 re ( <u>10</u> in 1:25–cv–10135–LTS) MOTION for Preliminary Injunction and ( <u>3</u> in 1:25–cv–10139–LTS) MOTION for Preliminary Injunction. The court hears arguments on both motions for preliminary injunction. The motions are taken under advisement. <br><br> (Court Reporter: Rachel Lopez at raeufp@gmail.com.)(Attorneys present: Mirian Albert, Oren M. Sellstrom, and Jacob M. Love for plaintiffs in case 25cv10135–LTS, Shankar Duraiswamy, Gerard J. Cedrone, Jared B. Cohen, and Irina Trasovan for plaintiffs in case 25cv10139–LTS, Brad P. Rosenberg, and Eric Hamilton for the defendants.) <br><br> Associated Cases: 1:25–cv–10135–LTS, 1:25–cv–10139–LTS(SED) (Entered: 02/07/2025) |
| 02/07/2025 | 137 | Payment: $ 125.00, receipt number 100010536 for <u>90</u> MOTION for Leave to Appear Pro Hac Vice for admission of David Chiu, Yvonne R. Mere, Sara J. Eisenberg, and Mollie M. Lee (LBO) (Entered: 02/07/2025) |
| 02/07/2025 | 138 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting <u>90</u> Motion for Leave to Appear Pro Hac Vice Added David Chiu, Yvonne R. Mere, Sara J. Eisenberg, and Mollie M. Lee. <br><br> **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at <u>https://pacer.uscourts.gov/register–account</u>. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br> Pro Hac Vice Admission Request Instructions <u>https://www.mad.uscourts.gov/caseinfo/nextgen–pro–hac–vice.htm</u>. <br><br> A Notice of Appearance must be entered on the docket by the newly admitted attorney. <br><br> (FGD) (Entered: 02/07/2025) |
| 02/11/2025 | <u>139</u> | NOTICE of Appearance by Julio A Thompson on behalf of State of Vermont (Thompson, Julio) (Entered: 02/11/2025) |

| 02/12/2025 | 140 | NOTICE of Brazenburg V. Hayes Motion by Mark Marvin (Attachments: # 1 Exhibit, # 2 Envelope). (FGD) (Entered: 02/12/2025) |
|---|---|---|
| 02/13/2025 | 142 | Transcript of Motion Hearing held on February 7, 2025, before Judge Leo T. Sorokin. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Rachel Lopez at raeufp@gmail.com. Redaction Request due 3/6/2025. Redacted Transcript Deadline set for 3/17/2025. Release of Transcript Restriction set for 5/14/2025. Associated Cases: 1:25–cv–10135–LTS, 1:25–cv–10139–LTS(DRK) (Main Document 142 replaced on 3/14/2025) (DRK). (Entered: 02/13/2025) |
| 02/13/2025 | 143 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm Associated Cases: 1:25–cv–10135–LTS, 1:25–cv–10139–LTS(DRK) (Entered: 02/13/2025) |
| 02/13/2025 | 144 | District Judge Leo T. Sorokin: ORDER entered. MEMORANDUM OF DECISION ON MOTIONS FOR PRELIMINARY INJUNCTION.<br><br>Associated Cases: 1:25–cv–10139–LTS, 1:25–cv–10135–LTS(FGD) (Entered: 02/13/2025) |
| 02/13/2025 | 145 | District Judge Leo T. Sorokin: ORDER entered. PRELIMINARY INJUNCTION. (FGD) (Entered: 02/13/2025) |
| 02/13/2025 | 146 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered.<br><br>The letter request filed pro se by Rubin Young (Doc. No. 131 ) seeking permission to file an amicus brief (Doc. No. 132 ) is DENIED. Acceptance of an amicus brief is a matter of discretion, and these submissions do not establish that Mr. Young "has a special interest that justifies his having a say" in this case. Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970).<br><br>The "Notice of Branzburg v. Hayes Motion" filed pro se by Mark Marvin (Doc. No. 140 ) is DENIED to the extent it seeks dismissal of this action. Mr. Marvin is neither a party nor an intervenor and has not otherwise sought and obtained leave to participate in this action.<br><br>The Emergency and Ex Parte Motion to Intervene (Doc. No. 141 ) filed pro se by Melvin Jones Jr. is DENIED. Even construed liberally, the submission fails to satisfy the movant's burden to establish entitlement to intervention pursuant to Fed. R. Civ. P. 24(a)–(b).<br><br>The Court directs the Clerk not to place any future filing by Mr. Young, Mr. Marvin, or Mr. Jones on the docket for this case unless the filing is a motion for reconsideration or a notice of appeal of this order.<br><br>(FGD) (Entered: 02/13/2025) |
| 02/14/2025 | 147 | NOTICE of Appearance by Mollie Mindes Lee on behalf of City and County of San Francisco (Lee, Mollie) (Entered: 02/14/2025) |

| 02/14/2025 | 148 | NOTICE of Appearance by Yvonne Mere on behalf of City and County of San Francisco (Mere, Yvonne) (Entered: 02/14/2025) |
| 02/14/2025 | 149 | NOTICE of Appearance by David S. Chiu on behalf of City and County of San Francisco (Chiu, David) (Entered: 02/14/2025) |
| 02/14/2025 | 150 | NOTICE OF APPEAL as to 146 Order,,,,, Terminate Motions,,,,, 145 Preliminary Injunction, 144 Memorandum & ORDER, Terminate Motions by Melvin Jones, Jr. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 3/6/2025. (FGD) (Entered: 02/14/2025)** |
| 02/14/2025 | 151 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 150 Notice of Appeal. (MAP) (Entered: 02/14/2025) |
| 02/15/2025 | 152 | USCA Case Number 25–1158 for 150 Notice of Appeal, filed by Melvin Jones, Jr.. (MAP) (Entered: 02/15/2025) |
| 02/18/2025 | 153 | NOTICE of Appearance by Sara J. Eisenberg on behalf of City and County of San Francisco (Eisenberg, Sara) (Entered: 02/18/2025) |
| 02/19/2025 | 154 | NOTICE OF INTERLOCUTORY APPEAL as to 144 Memorandum & ORDER, Terminate Motions, 145 Preliminary Injunction by Donald J. Trump, U.S. Department of State, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America. ( (Fee Status: US Government)) NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/efiling.htm. US District Court Clerk to deliver official record to Court of Appeals by 3/11/2025. (Fuchs, Yuri) (Entered: 02/19/2025)** |
| 02/19/2025 | 155 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 154 Notice of Interlocutory Appeal. (MAP) (Entered: 02/19/2025) |
| 02/19/2025 | 156 | USCA Case Number 25–1170 for 154 Notice of Interlocutory Appeal, filed by U.S. Department of State, U.S. Department of Homeland Security, Michelle King, Benjamine Huffman, United States of America, U.S. Department of Health and Human Services, U.S. Social Security Administration, Dorothy Fink, Donald J. Trump. (MAP) (Entered: 02/19/2025) |
| 02/19/2025 | 157 | MOTION to Stay re 145 Preliminary Injunction by Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of |

| | | America.(Merritt, Robert) (Entered: 02/19/2025) |
|---|---|---|
| 02/19/2025 | 158 | MEMORANDUM in Support re 157 MOTION to Stay re 145 Preliminary Injunction filed by Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America. (Merritt, Robert) (Entered: 02/19/2025) |
| 02/20/2025 | 159 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered re: 157 MOTION to Stay re 145 Preliminary Injunction.

Any response by the plaintiffs to this motion shall be filed no later than close of business Monday, February 24, 2025. Any reply by the defendants shall be filed no later than close of business Tuesday, February 25, 2025. (FGD) (Entered: 02/20/2025) |
| 02/24/2025 | 160 | Opposition re 157 MOTION to Stay re 145 Preliminary Injunction filed by State of Maryland, Dana Nessel, State of Minnesota, State of Nevada, State of New Mexico, State of New York, State of North Carolina, State of Rhode Island, State of Vermont, State of Wisconsin, State of New Jersey, City and County of San Francisco, Commonwealth of Massachusetts, State of California, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Hawaii, State of Maine. (Hanley, Viviana) (Entered: 02/24/2025) |
| 02/24/2025 | 161 | NOTICE of Appearance by Vanessa L Kassab on behalf of State of Delaware (Kassab, Vanessa) (Entered: 02/24/2025) |
| 02/24/2025 | 162 | NOTICE OF APPEAL as to 146 Order, by Mark Marvin. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 3/17/2025. (FGD) (Entered: 02/25/2025)** |
| 02/25/2025 | 163 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 162 Notice of Appeal. (MAP) (Entered: 02/25/2025) |
| 02/25/2025 | 164 | USCA Case Number 25–1200 for 162 Notice of Appeal, filed by Mark Marvin. (MAP) (Entered: 02/25/2025) |
| 02/26/2025 | 165 | District Judge Leo T. Sorokin: ORDER entered. ORDER ON MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL (DOC. NO. 157 ) (SED) (Entered: 02/26/2025) |
| 02/27/2025 | 166 | NOTICE of Appearance by Ian Liston on behalf of State of Delaware (Liston, Ian) (Entered: 02/27/2025) |
| 03/07/2025 | 167 | NOTICE by Local Governments and Local Government Officials re 88 Amicus brief filed *of Corrected Appendix* (Miller, Jonathan) (Entered: 03/07/2025) |
| 03/11/2025 | 168 | OPINION of USCA as to 154 Notice of Interlocutory Appeal, filed by U.S. Department of State, U.S. Department of Homeland Security, Michelle King, Benjamine Huffman, United States of America, U.S. Department of Health and |

| | | |
|---|---|---|
| | | Human Services, U.S. Social Security Administration, Dorothy Fink, Donald J. Trump. (MAP) (Entered: 03/12/2025) |
| 03/19/2025 | 169 | MOTION for Extension of Time to April 23, 2025 to File Answer re 1 Complaint, *(Unopposed)* by Donald J. Trump, U.S. Department of State, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America. (Attachments: # 1 Exhibit Proposed Order)(Fuchs, Yuri) (Entered: 03/19/2025) |
| 03/20/2025 | 170 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered re: 169 MOTION for Extension of Time to File Answer re 1 Complaint (Unopposed).<br><br>ALLOWED. Dorothy Fink answer due 4/23/2025; Benjamine Huffman answer due 4/23/2025; Michelle King answer due 4/23/2025; Marco Rubio answer due 4/23/2025; Donald J. Trump answer due 4/23/2025; U.S. Department of Health and Human Services answer due 4/23/2025; U.S. Department of Homeland Security answer due 4/23/2025; U.S. Department of State answer due 4/23/2025; U.S. Social Security Administration answer due 4/23/2025; United States of America answer due 4/23/2025. (FGD) (Entered: 03/20/2025) |
| 04/22/2025 | 171 | MOTION for Extension of Time to May 23, 2025 to File Answer re 1 Complaint, *(Unopposed)* by Donald J. Trump, U.S. Department of State, Marco Rubio, U.S. Department of Homeland Security, Benjamine Huffman, U.S. Department of Health and Human Services, Dorothy Fink, U.S. Social Security Administration, Michelle King, United States of America. (Attachments: # 1 Exhibit Proposed Order)(Fuchs, Yuri) (Entered: 04/22/2025) |
| 04/23/2025 | 172 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered re: 171 MOTION for Extension of Time to May 23, 2025 to File Answer re 1 Complaint, *(Unopposed)*.<br><br>ALLOWED. All defendants' Answers Due 5/23/2025. (FGD) (Entered: 04/23/2025) |
| 04/23/2025 | 173 | USCA Judgment as to 150 Notice of Appeal, filed by Melvin Jones, Jr.. Appeal Dismissed... (MAP) (Entered: 04/24/2025) |
| 04/23/2025 | 174 | USCA Judgment as to 162 Notice of Appeal, filed by Mark Marvin. AFFIRMED... (MAP) (Entered: 04/24/2025) |
| 04/24/2025 | 175 | MOTION to Withdraw as Attorney by Immigration Reform Law Institute.(O'Brien, Matthew) (Entered: 04/24/2025) |
| 04/25/2025 | 176 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered: re 175 MOTION to Withdraw as Attorney.<br><br>ALLOWED. (CEH) (Entered: 04/25/2025) |
| 04/30/2025 | 177 | Letter from the First Circuit Court of Appeals with an attached Letter from the Supreme Court of United States requesting transmittal of the record pursuant to Rule 12.7.. (Attachments: # 1 United States Supreme Court Letter)(MAP) (Entered: 04/30/2025) |
| 04/30/2025 | 178 | Letter sent to Scott S. Harris, Clerk of the Supreme Court of the United States on April 30, 2025. (MAP) (Entered: 04/30/2025) |
| 05/15/2025 | 179 | |

| | | |
|---|---|---|
| | | MANDATE of USCA as to <u>162</u> Notice of Appeal, filed by Mark Marvin. Appeal <u>162</u> Terminated (MAP) (Entered: 05/16/2025) |
| 05/20/2025 | <u>180</u> | MOTION for Extension of Time to June 23, 2025 to File Answer re <u>1</u> Complaint, *(Unopposed)* by Dorothy Fink, Benjamine Huffman, Michelle King, Marco Rubio, Donald J. Trump, U.S. Department of Health and Human Services, U.S. Department of Homeland Security, U.S. Department of State, U.S. Social Security Administration, United States of America. (Attachments: # <u>1</u> Text of Proposed Order)(Fuchs, Yuri) (Entered: 05/20/2025) |
| 05/21/2025 | 181 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered re: <u>180</u> MOTION for Extension of Time to June 23, 2025 to File Answer re <u>1</u> Complaint, (Unopposed). <br><br> ALLOWED. Dorothy Fink answer due 6/23/2025; Benjamine Huffman answer due 6/23/2025; Michelle King answer due 6/23/2025; Marco Rubio answer due 6/23/2025; Donald J. Trump answer due 6/23/2025; U.S. Department of Health and Human Services answer due 6/23/2025; U.S. Department of Homeland Security answer due 6/23/2025; U.S. Department of State answer due 6/23/2025; U.S. Social Security Administration answer due 6/23/2025; United States of America answer due 6/23/2025. (FGD) <br><br> (Entered: 05/21/2025) |
| 06/17/2025 | <u>182</u> | MANDATE of USCA as to <u>150</u> Notice of Appeal, filed by Melvin Jones, Jr.. Appeal <u>150</u> Terminated (MAP) (Entered: 06/18/2025) |
| 06/18/2025 | <u>183</u> | MOTION for Extension of Time to July 23, 2025 to File Answer re <u>1</u> Complaint, *(Unopposed)* by Dorothy Fink, Benjamine Huffman, Michelle King, Marco Rubio, Donald J. Trump, U.S. Department of Health and Human Services, U.S. Department of Homeland Security, U.S. Department of State, U.S. Social Security Administration, United States of America. (Attachments: # <u>1</u> Text of Proposed Order)(Fuchs, Yuri) (Entered: 06/18/2025) |
| 06/20/2025 | 184 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered re: <u>183</u> Dorothy Fink, Benjamine Huffman, Michelle King, Marco Rubio, Donald J. Trump, U.S. Department of Health and Human Services, U.S. Department of Homeland Security, U.S. Department of State, U.S. Social Security Administration, United States of America. <br><br> ALLOWED. Dorothy Fink answer due 7/23/2025; Benjamine Huffman answer due 7/23/2025; Michelle King answer due 7/23/2025; Marco Rubio answer due 7/23/2025; Donald J. Trump answer due 7/23/2025; U.S. Department of Health and Human Services answer due 7/23/2025; U.S. Department of Homeland Security answer due 7/23/2025; U.S. Department of State answer due 7/23/2025; U.S. Social Security Administration answer due 7/23/2025; United States of America answer due 7/23/2025. (FGD) <br><br> (Entered: 06/20/2025) |
| 06/30/2025 | <u>185</u> | *Letter re Supreme Ct. decision* Letter/request (non–motion) from Plaintiffs New Jersey et al. . (Hanley, Viviana) (Entered: 06/30/2025) |
| 07/02/2025 | 186 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. |

| | | |
|---|---|---|
| | | On June 30, 2025, the Plaintiffs filed a letter with the Court proposing a briefing schedule for responding to the decision of the Supreme Court and explaining that "[c]ounsel for the United States indicated that they oppose our proposal and will follow up in writing to the Court." Doc. No. 185 at 2. The Defendants have filed no such response with the Court. The Supreme Court directed this Court to move "expeditiously to ensure that, with respect to each plaintiff, the injunction[ issued in this case] comport[s] with this rule [announced by the Supreme Court in the prior sentence] and otherwise compl[ies] with principles of equity." Trump v. CASA, Inc., No. 24A884, 2025 WL 1773631, at *15 (U.S. June 27, 2025). Accordingly, the Court establishes the following schedule: the Defendants shall submit their memorandum by July 8, 2025, the Plaintiffs shall submit their memorandum by July 15, 2025, the Defendants may submit a reply, not to exceed seven pages, by July 17, 2025, at noon. The Court will hold a hearing in person on July 18, 2025, at 10:00 a.m.(Hearing set for 7/18/2025 10:00 AM in Courtroom 13 (In person only) before District Judge Leo T. Sorokin.)(SED)<br><br>(Entered: 07/02/2025) |
| 07/02/2025 | 187 | NOTICE of Appearance by David C. Kravitz on behalf of Commonwealth of Massachusetts (Kravitz, David) (Entered: 07/02/2025) |
| 07/03/2025 | 188 | ORDER of USCA as to 154 Notice of Interlocutory Appeal, filed by U.S. Department of State, U.S. Department of Homeland Security, Michelle King, Benjamine Huffman, United States of America, U.S. Department of Health and Human Services, U.S. Social Security Administration, Dorothy Fink, Donald J. Trump.<br><br>**The defendants–appellants have filed a Motion for Supplemental Briefing Order (the "Motion") to this court in connection with New Jersey v. Trump, No. 25–1170. That case involves the defendants–appellants' appeal of a February 13, 2025 order by the United States District Court for the District of Massachusetts. The District Court's order granted a "universal" preliminary injunction enjoining the enforcement of Executive Order No. 14,160, titled "Protecting the Meaning and Value of American Citizenship." Exec. Order No. 14,160, 90 Fed. Reg. 8449 (Jan. 20, 2025). That appeal is pending in this court, and oral argument is scheduled in this court on August 1, 2025. The Motion asks us to order supplemental briefing on the effect of the United States Supreme Court's order in Trump v. CASA, Inc., 606 U.S. __ (2025), on this appeal to "allow this Court to 'move expeditiously to ensure that... the injunctio[n] comport[s] with' the Supreme Court's decision." They propose a schedule in which the supplemental briefs "would be due on July 11" so that "[t]he Court would then be positioned to rule on whether the nationwide injunction is broader than necessary to provide complete relief to the plaintiffs, an issue this Court declined to consider in initially ruling on the government's stay motion." They further assert that "adopting this course would comport with the Supreme Court's instruction that the lower courts should 'move expeditiously' to resolve outstanding issues about the scope of the injunction." The plaintiffs–appellees oppose the Motion. In urging us to grant the Motion, the defendants–appellants state that "[i]f the district courts existing decision is insufficient to establish" that the universal injunction entered in this case comports with the complete–relief principle and other principles of equity, "then the universal scope of that injunction is appropriately stayed." There is no motion, however,** |

pending before this court for a stay pending appeal of the preliminary injunction on appeal in No. 25–1170, which injunction the defendants–appellants appear to agree is not stayed at present. To be sure, on February 27, 2025, the defendants–appellants did file a motion in our court to stay the injunction, as they note in the Motion. But we denied the stay and, in the opinion doing so, we declined to address the "narrower relief" proposed by the defendants–appellants in their stay motion to this court because they had failed to raise it in opposing the grant of a nationwide preliminary injunction in the preliminary injunction proceedings themselves or in requesting a stay of that injunction from the District Court. Moreover, CASA provides fresh guidance regarding the equitable powers of federal courts. See CASA, 606 U.S. at __, slip op. at 17–18. Thus, in aid of our consideration of the issues on appeal, and consistent with the Supreme Court's instruction that "[t]he lower courts should determine whether a narrower injunction is appropriate" and "move expeditiously" to ensure that the injunction comports with the "principles of equity" described in CASA, id. slip op. at 19, 26 (emphasis added), we conclude that it is prudent to remand to the District Court, while retaining our jurisdiction over the appeal. The remand is for the limited purpose of enabling the District Court to consider the bearing, if any, of that guidance in CASA on the scope of the preliminary injunction in No. 25–1170 and to act accordingly. In doing so, we expect the District Court to address any arguments that the parties may advance with respect to what grounds may now be asserted regarding the injunction's scope. For these reasons, the Motion is denied, and the matter is remanded to the District Court for the limited purposes described herein, with this court retaining jurisdiction. We understand the District Court will act promptly in accordance with the briefing schedule that it entered on July 2, 2025.

(MAP) (Entered: 07/06/2025)

| 07/07/2025 | 189 | MOTION to Intervene, Incorporated MOTION for Declaratory Relief, Incorporated Opposition to Vacation of the Court's Injunction and, Incorporated MOTION to Proceed Under Pseudonym. (Attachments: # 1 Cover letter and request to proceed under pseudonym, # 2 Envelope). (FGD) (Entered: 07/07/2025) |
| 07/08/2025 | 190 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered.<br><br>The Motion to Intervene (Doc. No. 189 ) filed pro se by a person using a pseudonym is DENIED. Even construed liberally, the submission fails to satisfy the movant's burden to establish entitlement to intervention pursuant to Fed. R. Civ. P. 24(a)–(b). The Court directs the Clerk not to place any future filings from this person on the docket for this case unless the filing is a motion for reconsideration or a notice of appeal of this order. (FGD)<br><br>(Entered: 07/08/2025) |
| 07/08/2025 | 191 | Copy re 190 Order on Motion to Intervene, mailed to Pro se John Doe on 7/8/2025. (FGD) (Entered: 07/08/2025) |
| 07/08/2025 | 192 | NOTICE of Appearance by Kathleen Jacobs on behalf of Dorothy Fink, Benjamine Huffman, Michelle King, Marco Rubio, Donald J. Trump, U.S. Department of Health and Human Services, U.S. Department of Homeland Security, U.S. Department of State, U.S. Social Security Administration, United States of America (Jacobs, |

| | | |
|---|---|---|
| | | Kathleen) (Entered: 07/08/2025) |
| 07/08/2025 | 193 | MEMORANDUM OF LAW by Dorothy Fink, Benjamine Huffman, Michelle King, Marco Rubio, Donald J. Trump, U.S. Department of Health and Human Services, U.S. Department of Homeland Security, U.S. Department of State, U.S. Social Security Administration, United States of America to 186 Order,,,,,, Set Hearings,,,,,. (Jacobs, Kathleen) (Entered: 07/08/2025) |
| 07/11/2025 | 194 | NOTICE of Withdrawal of Appearance by Yuri Fuchs (Fuchs, Yuri) (Entered: 07/11/2025) |
| 07/15/2025 | 195 | NOTICE of Withdrawal of Appearance by Whitney D. Hermandorfer (Hermandorfer, Whitney) (Entered: 07/15/2025) |
| 07/15/2025 | 196 | MEMORANDUM OF LAW by City and County of San Francisco, Commonwealth of Massachusetts, District of Columbia, Dana Nessel, State of California, State of Colorado, State of Connecticut, State of Delaware, State of Hawaii, State of Maine, State of Maryland, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, State of New York, State of North Carolina, State of Rhode Island, State of Vermont, State of Wisconsin to 193 Memorandum of Law,. (Attachments: # 1 Exhibit Table of Exhibits, # 2 Exhibit Barreto Declaration, # 3 Exhibit Lapkoff Declaration, # 4 Exhibit Lucia Declaration, # 5 Exhibit Makhlouf Declaration, # 6 Exhibit Wong Declaration, # 7 Exhibit Adelman Declaration, # 8 Exhibit Brown Declaration, # 9 Exhibit Huck Declaration, # 10 Exhibit Acon Declaration, # 11 Exhibit Harrington Declaration, # 12 Exhibit Hadler Declaration, # 13 Exhibit Campbell Declaration, # 14 Exhibit Costantino Declaration, # 15 Exhibit Fink Declaration, # 16 Exhibit Mohr Peterson Declaration, # 17 Exhibit Lopez Declaration, # 18 Exhibit Groen Declaration, # 19 Exhibit Connolly Declaration, # 20 Exhibit Moore Declaration, # 21 Exhibit Underwood Declaration, # 22 Exhibit Ashmont Declaration, # 23 Exhibit Bush Declaration, # 24 Exhibit Kimple Declaration, # 25 Exhibit Armenia Declaration, # 26 Exhibit Davis Declaration, # 27 Exhibit Ehrlich Declaration, # 28 Exhibit Barone Declaration, # 29 Exhibit Connors Declaration, # 30 Exhibit Figueroa Declaration, # 31 Exhibit Johnson Declaration, # 32 Exhibit Merolla–Brito Declaration, # 33 Exhibit Standbridge Declaration, # 34 Exhibit Boyle Declaration, # 35 Exhibit DeBlassie Declaration, # 36 Exhibit Groginsky Declaration, # 37 Exhibit Armijo Declaration)(Hanley, Viviana) (Entered: 07/15/2025) |
| 07/17/2025 | 197 | Reply to Plaintiff's Response re 196 Memorandum of Law, 193 Memorandum of Law, by Dorothy Fink, Benjamine Huffman, Michelle King, Marco Rubio, Donald J. Trump, U.S. Department of Health and Human Services, U.S. Department of Homeland Security, U.S. Department of State, U.S. Social Security Administration, United States of America (Jacobs, Kathleen) Modified docket text on 7/17/2025 (FGD). (Entered: 07/17/2025) |
| 07/17/2025 | 198 | Assented to MOTION for Extension of Time to August 22, 2025 to File Response/Reply as to 1 Complaint, by Dorothy Fink, Benjamine Huffman, Michelle King, Marco Rubio, Donald J. Trump, U.S. Department of Health and Human Services, U.S. Department of Homeland Security, U.S. Department of State, U.S. Social Security Administration, United States of America. (Attachments: # 1 Text of Proposed Order)(Jacobs, Kathleen) Modified docket event on 7/17/2025 (FGD). (Entered: 07/17/2025) |
| 07/18/2025 | 199 | |

| | | | |
|---|---|---|---|
| | | | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered: re <u>198</u> Assented to MOTION for Extension of Time to August 22, 2025 to File Response/Reply as to <u>1</u> Complaint.<br><br>ALLOWED. (SED)<br><br>(Entered: 07/18/2025) |
| 07/18/2025 | 200 | | Electronic Clerk's Notes for proceedings held before District Judge Leo T. Sorokin: Hearing held on 7/18/2025.<br><br>Counsel for the parties appear in person. The court hears arguments on the briefs submitted by the parties. The matter is taken under advisement.<br><br>(Court Reporter: Rachel Lopez at raeufp@gmail.com.)(Attorneys present: Shankar Duraiswamy, Jeremy Feigenbaum, Viviana Maria Hanley, David C. Kravitz for the plaintiffs Brad P. Rosenberg, Eric Hamilton, and Kathleen Jacobs for the defendants) (SED) (Entered: 07/18/2025) |
| 07/21/2025 | <u>201</u> | | Transcript of Motion Hearing held on July 18, 2025, before Judge Leo T. Sorokin. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Rachel Lopez at raeufp@gmail.com. Redaction Request due 8/11/2025. Redacted Transcript Deadline set for 8/21/2025. Release of Transcript Restriction set for 10/20/2025. (DRK) (Entered: 07/21/2025) |
| 07/21/2025 | 202 | | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 07/21/2025) |
| 07/25/2025 | <u>203</u> | | District Judge Leo T. Sorokin: ORDER entered. <u>ORDER ON SCOPE OF PRELIMINARY INJUNCTION.</u> (FGD) (Entered: 07/25/2025) |
| 07/25/2025 | 204 | | Copy re <u>203</u> Order sent to Appeals Coordinator on 7/25/2025 via email. (FGD) (Entered: 07/25/2025) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STATE OF NEW JERSEY et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil No. 25-10139-LTS |
| DONALD J. TRUMP et al., | ) | |
| Defendants. | ) | |

ORDER ON SCOPE OF PRELIMINARY INJUNCTION

July 25, 2025

SOROKIN, J.

I.   BACKGROUND

In this case, eighteen states and two municipalities sued President Donald Trump, four federal agencies, and the public officials leading those agencies, alleging that Executive Order 14160, entitled "Protecting the Meaning and Value of American Citizenship" ("the Executive Order"), violates the Fourteenth Amendment to the United States Constitution and a federal statute that incorporates the same language. Doc. No. 1.[1] On February 13, 2025, the Court issued a preliminary injunction barring the implementation and enforcement of the Executive Order during the pendency of this lawsuit. Doc. No. 145. The Court awarded this relief because its careful review of the uncontested factual record produced by the plaintiffs, viewed in light of binding legal precedent, caused it to render a series of conclusions supporting such an order in the specific circumstances presented by this particular case.

---

[1] Citations to "Doc. No. __ at __" reference document and page numbering as it appears in the header appended by the Court's electronic docketing system.

First, the Court found the plaintiff states and municipalities have standing to bring this lawsuit based (at least) on direct pocketbook injuries that they established would arise from implementation of the Executive Order.  See Doc. No. 144 at 8–11.  Second, the Court found the plaintiffs are "nearly certain to prevail" in their claims that the Executive Order contravenes both the Fourteenth Amendment and a related federal statute.  Id. at 14–24.  Third, the Court found the plaintiffs had established that, in the absence of injunctive relief, they would face irreparable harm in the form of "unpredictable, continuing losses" of federal funding and reimbursements, "coupled with serious administrative upheaval."  Id. at 24–26.  Fourth, the Court found that the traditional factors, including a balancing of harms and the public interest, "decisively . . . favor entry of injunctive relief."  Id. at 26–27.  And fifth, the Court found that, although a narrower order would provide "complete relief" to the individual and association plaintiffs in a companion case, "universal or nationwide relief is necessary" in this case because an injunction "limited to the State plaintiffs" would be "inadequate" protection against the harms the plaintiffs' uncontested declarations described.[2]  Id. at 27–30.

The defendants timely appealed the Court's decision, Doc. No. 154, and sought a stay pending appeal, Doc. No. 157.  Both this Court and the First Circuit declined to stay the preliminary injunction.  Doc. No. 165; New Jersey v. Trump, 131 F.4th 27, 33 (1st Cir. 2025).  A few aspects of the First Circuit's decision denying the defendants' stay request are pertinent here.

---

[2] Around the same time as this Court issued its preliminary injunction, federal courts in Washington, Maryland, and New Hampshire evaluated similar challenges to the Executive Order and issued decisions reaching the same conclusions as to the first four of the five findings described in this paragraph.  See N.H. Indonesian Cmty. Support v. Trump, 765 F. Supp. 3d 102 (D.N.H. 2025); Washington v. Trump, 765 F. Supp. 3d 1142 (W.D. Wash. 2025); CASA, Inc. v. Trump, 763 F. Supp. 3d 723 (D. Md. 2025).  In the Washington and Maryland cases—the former of which featured challenges advanced by a different collection of state plaintiffs—the district judges also found that universal relief was warranted.  Washington, 765 F. Supp. 3d at 1153–54; CASA, 763 F. Supp. 3d at 746.

For one thing, the First Circuit explained at length that the defendants had "failed to make a strong showing that the Plaintiff-States likely lack Article III standing" or that the defendants are "likely to prevail in [their] contention that the Plaintiff-States do not have standing to assert the federal constitutional and statutory rights to United States citizenship of the individuals who would not be recognized as having such citizenship under the" Executive Order.[3]  131 F.4th at 35–40 (citation modified).  In addition, the First Circuit "decline[d] to address [a] contention" proposed by the defendants for the first time on appeal regarding a narrower form of relief that they urged should replace the nationwide preliminary injunction this Court issued.  Id. at 43.  Finally, noting the defendants' suggestion that they were prevented by this Court's decision from planning or developing guidance regarding implementation of the Executive Order, the First Circuit clarified that it did not "read the plain terms of the" injunction "to enjoin internal operations that are preparatory" and "cannot impose any harm on the Plaintiff-States."  Id. at 44 (citation modified).

Thereafter, the defendants filed emergency applications in the Supreme Court seeking partial stays of this Court's injunction and similar ones entered by federal courts in Washington and Maryland.  See Trump v. CASA, Inc., 606 U.S. ---, 145 S. Ct. 2540, 2548–49 (2025).  After hearing oral argument, the Supreme Court held that "universal injunctions"—those that "prohibit enforcement of a law or policy against anyone"—"likely exceed the equitable authority that Congress has granted to federal courts."  Id. at 2548 (emphasis in original).  Such authority

---

[3] Within its discussion of third-party standing, the First Circuit observed that the Executive Order contains language which "directly operates as to the Plaintiff-States, and not the individual excluded from citizenship."  131 F.4th at 39 (citation modified); see also id. at 38 n.8 (noting but leaving for later consideration possibility that states' sovereign interests in which persons become birthright United States and state citizens provides separate basis for finding states have Article III standing).

3

generally empowers courts to "administer complete relief <u>between the parties</u>"; though a "party-specific" injunction "might have the <u>practical effect</u> of benefiting nonparties," it may "do so only incidentally." <u>Id.</u> at 2557 (emphases in original). As the majority opinion observed, "[t]he complete-relief inquiry is . . . complicated" where states are the plaintiffs. <u>Id.</u> at 2558. The majority further acknowledged that this Court had specifically "decided that a universal injunction was necessary to provide the States <u>themselves</u> with complete relief," not that such relief was warranted in order "to directly benefit nonparties." <u>Id.</u> (emphasis in original). After summarizing the competing arguments advanced by both sides, and noting the defendants had proposed two narrower alternatives for the Supreme Court to evaluate "in the first instance," the majority left it to "the lower courts" to "consider" the defendants' proposals along with "any related arguments" and "determine whether a narrower injunction is appropriate." <u>Id.</u> Ultimately, the Supreme Court granted the "applications to partially stay the preliminary injunctions . . . , but only to the extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue." <u>Id.</u> at 2562–63.

In their emergency application, the defendants did not ask the Supreme Court to evaluate the legality of the Executive Order, and the <u>CASA</u> majority did not do so. Meanwhile, the defendants' appeal of this Court's preliminary injunction remains pending before the First Circuit, with oral argument scheduled for August 1, 2025. In the wake of the Supreme Court's <u>CASA</u> decision, the First Circuit declined a request by the defendants to permit supplemental briefing on <u>CASA</u>'s effect, remanding instead to this Court "for the limited purpose of" considering "the bearing, if any, of" the Supreme Court's "guidance in <u>CASA</u> on the scope of the preliminary injunction" in this case, "to address any argument that the parties may advance with respect to what grounds may now be asserted regarding the injunction's scope," and "to act

accordingly." Doc. No. 188 at 3. The Court turns now to explaining how it has conducted those tasks and what conclusion it has reached.

II.    DISCUSSION

    A.    Post-CASA Factual and Legal Submissions

Endeavoring to "move expeditiously to ensure that" the injunction issued in this case "comport[s] with" the "principles of equity" elucidated in CASA, 145 S. Ct. at 2563, the Court promptly set a schedule to govern submissions from the parties addressing the appropriate scope of the injunction in this case, Doc. No. 186. Because it was the defendants' partially successful application—and the narrower alternatives mentioned therein—that yielded the Supreme Court's direction to revisit this question, the Court permitted the defendants to have both the first and the last word as far as the written submissions were concerned. Id. After receiving those submissions, the Court heard oral argument on July 18, 2025.

As noted, this matter returns to the Court now for only a limited purpose: assessing "the bearing, if any," of "CASA on the scope of the preliminary injunction." Doc. No. 188 at 3. Given this specific task assigned by the First Circuit and the jurisdictional limits arising from the defendants' pending appeal,[4] the Court highlights two questions that are not presently before this Court. The first is standing. The defendants' post-CASA written submissions reiterate arguments about the plaintiffs' standing to challenge the Executive Order and seek injunctive relief. See Doc. No. 193 at 8–9; Doc. No. 197 at 3. However, this Court already found that the plaintiffs have standing, Doc. No. 144 at 8–11, and the First Circuit explained in detail why the defendants' arguments to the contrary—including as to third-party standing—were unlikely to

---

[4] This Court, pursuant to an "abecedarian principle," "is divested of authority to proceed with respect to any matter touching upon, or involved in," defendants' pending appeal of the preliminary injunction, aside from the specific issue remanded to it for further consideration. United States v. George, 841 F.3d 55, 71 (1st Cir. 2016).

succeed, 131 F.4th at 35–40.  This Court is, of course, bound by the First Circuit's third-party-standing analysis in this case.  Though the Supreme Court's majority declined to address the defendants' argument "that the States lack third-party standing," 145 S. Ct. at 2549 n.2, nowhere in CASA did the majority provide guidance that might alter the prior rulings regarding standing here, let alone invite this Court to revisit such rulings.  The defendants' suggestion to the contrary is, at best, mistaken.  See Doc. No. 193 at 4 (blurring CASA majority's discussion and directives regarding scope of injunction with its separate reference in the margin to defendants' standing challenge).  In light of all this, and where the defendants have identified no new factual or legal development concerning standing now, the Court finds this threshold question is not properly reexamined by this Court now.

A second issue raised in the defendants' papers, despite being settled at the district-court level for present purposes by prior rulings in this case, is the plaintiffs' showing of irreparable harm.  See id. at 10–11 (arguing "the States assert fundamentally monetary harms" but "have not established that those injuries are irreparable").  The Court already found that the plaintiffs "have established irreparable harm" via "numerous declarations," "which the defendants have not disputed or rebutted in any way," showing the "unpredictable, continuing losses coupled with serious administrative upheaval" they face if the Executive Order takes effect.  Doc. No. 144 at 24–25.  That finding is within the scope of the appeal now pending and is not one this Court has been empowered to revise—nor is the Court inclined to revise it, even if so empowered.[5]

Having dispensed with these threshold matters, the Court proceeds to the question that brings this case back before it now: Have the plaintiffs established that an order preliminarily

---

[5] This is so because the defendants have submitted no new factual evidence on standing, no new responses to the plaintiffs' evidence, and no additional legal reasons for rejecting the standing of the plaintiffs.  Rather, they repeat arguments the Court previously considered and rejected.

6

enjoining implementation of the Executive Order nationwide is necessary to afford them complete relief, or will a narrower order suffice? As the Court will explain, the plaintiffs have met their burden.[6] The record does not support a finding that any narrower option would feasibly and adequately protect the plaintiffs from the injuries they have shown they are likely to suffer if the unlawful policy announced in the Executive Order takes effect during the pendency of this lawsuit.

In making this determination, the Court has proceeded as it did originally. It has evaluated the record as a whole and considered <u>only</u> what relief is necessary to prevent irreparable harm <u>to the plaintiffs themselves</u>. <u>Cf.</u> <u>CASA</u>, 145 S. Ct. at 2558 (noting this Court's focus on party-specific relief); Doc. No. 144 at 28 (explaining that plaintiff-specific analysis did <u>not</u> favor "universal relief" in companion case brought by individual and two associations). This process has both legal and factual components. In addition to the equitable principles identified by the Supreme Court in <u>CASA</u>, two other legal precepts bear on the injunction's scope. Guided by the Federal Rules of Civil Procedure, the Court has considered whether narrower alternatives can be articulated "in reasonable detail" and with the specificity required by the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Civ. P. 65(d)(1); <u>see also</u> <u>Schmidt v. Lessard</u>, 414 U.S. 473, (1974) (per curiam) (describing "specificity provisions of Rule 65(d)" as "no mere technical

---

[6] The Court does not understand <u>CASA</u> as calling into question its earlier determination that the plaintiffs have satisfied the test for preliminary-injunctive relief as a general matter. That determination and its subsidiary findings—that the plaintiffs are likely to succeed on the merits of their claims, that they face irreparable harm in the absence of relief, and that the public interest and balance of harms favor relief here—are now before the First Circuit for review. In addition, nothing in <u>CASA</u> alters the Court's determination that these plaintiffs, in this case, are entitled to "complete" relief for the injuries they have established. This is so because of the flagrancy with which the Executive Order contravenes both the Constitution and a federal statute, the complete absence of evidence (or argument) establishing countervailing considerations favoring the defendants, and for reasons the plaintiffs ably articulate in their papers. <u>See</u> Doc. No. 196 at 11–16.

requirements," but as conditions "designed to prevent uncertainty and confusion" by enjoined

parties, to "avoid the possible founding of a contempt citation on a decree too vague to be

understood," and to enable "an appellate tribunal to know precisely what it is reviewing"); Axia

NetMedia Corp. v. Mass. Tech. Park Corp., 889 F.3d 1, 12–13 (1st Cir. 2018) (discussing

specificity requirement and need for injunction to be "framed so that those enjoined will know

what conduct the court has prohibited" (quotation marks omitted)).  And based on other Supreme

Court precedent, the Court also has assessed whether any narrower alternative is feasible, or

"workable."  New York v. Cathedral Acad., 434 U.S. 125, 129 (1977) (quoting Lemon v.

Kurtzman, 411 U.S. 192, 200 (1973)); accord North Carolina v. Covington, 581 U.S. 486, 488

(2017) (per curiam); Ass'n of Am. Univs. v. Dep't of Def., No. 25-11740, 2025 WL 2022628, at

*27 (D. Mass. July 18, 2025).[7]

On the facts, the Court confronts a one-sided record.  This is a result of the parties'

divergent approaches to litigating this case.  In their original motion papers and their post-CASA

submission concerning the injunction's scope, the plaintiffs supported their legal arguments with

dozens of sworn declarations from subject-matter experts and public officials describing harms

the Executive Order will visit upon the plaintiffs.  See Doc. Nos. 5-2 to -23, 196-2 to -37.  The

defendants, on the other hand, submitted no evidence to support the positions advanced in their

own memoranda.  They did not dispute (generally or specifically) the substance of the plaintiffs'

factual submissions, nor did they offer their own declarations in rebuttal.[8]  Once again, then, "the

---

[7] To the extent the defendants urged during the most recent hearing that this Court need not
concern itself with the details of whether and how any injunction it enters might be implemented,
that position is wrong as a matter of law under both Rule 65(d) and the Supreme Court precedent
cited in this paragraph.

[8] In their original motion papers, the defendants did not acknowledge the plaintiffs' declarations
or urge the Court to reject them for any reason.  See generally Doc. No. 92.  Post-CASA, but
before the plaintiffs' proffered any supplemental evidence, the defendants summarily suggested

Court accepts and credits" the plaintiffs' "declarations, which the defendants have not disputed or rebutted in any way," and which the Court finds credible and reliable.  Doc. No. 144 at 25.

According to the uncontested declarations, several factors contribute to the financial and administrative harms the plaintiffs likely face in the absence of nationwide relief.  First, demographic data shows that there is substantial interstate movement among noncitizens parents with their children in tow.[9]  The Court finds that a substantial number of children covered by the Executive Order will move into the plaintiff states during the pendency of this action.  The Court further finds that the administrative and financial impacts the plaintiffs are likely to experience

---

that the record "must be limited to . . . the declarations the States submitted with their motion for a preliminary injunction."  Doc. No. 193 at 7.  The defendants cited no authority for this position.  The Court overrules this unsupported objection.  Once the plaintiffs filed their supplemental exhibits—which explicitly address the adequacy and workability of narrower alternatives proposed by the defendants for the first time on appeal—the defendants essentially ignored them.  Compare Doc. No. 197 at 5–6 (criticizing as "speculative" plaintiffs' argument in their brief that financial burdens would arise because "fewer individuals would enroll in federal programs" but not engaging with declarations upon which argument was based), with Doc. No. 196-2 ¶¶ 14–21 (citing research and survey support for chilling effect of fear in noncitizen communities, including associated avoidance of necessary public services); see generally Doc. No. 197 (otherwise failing to mention declarations, dispute their substance, or further develop any argument against their submission).  In these circumstances, the defendants have waived any challenge to the plaintiffs' declarations and forfeited their opportunity to supply their own evidence concerning the injunction's scope.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (applying "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived," because it is "counsel's work" to "create the ossature for [their] argument, and put flesh on its bones").  In sum, the defendants did not submit their own evidence, offered no legal or factual basis to dispute the plaintiffs' evidence, never suggested the plaintiffs' evidence was not credible or reliable, failed to request an evidentiary hearing, and advanced no reasoned argument for barring the submission of evidence to a federal court considering the proper scope of an injunction.
[9] See, e.g., Doc. No. 196-3 ¶ 14 (attesting that nearly 27,000 noncitizen adults with at least one child in their household moved from a non-plaintiff state to a plaintiff state in 2023); Doc. No. 196-8 ¶ 13 (estimating that an average of 6,000 children are born out-of-state to New Jersey residents each year); cf. Tara Watson, Enforcement & Immigrant Location Choice (Nat'l Bureau Econ. Rsch., Working Paper No. 19626, Nov. 2013) (examining effect of local immigration enforcement and summarizing data suggesting certain practices incentivize movement within United States from places with harsh enforcement practices to those with more lenient practices).

9

because of the Executive Order while this lawsuit proceeds, given the movement of children within the Order's reach, are substantial and material, not de minimis or trivial.

Second, in the context of social services provided to young children, the plaintiffs rely on Social Security numbers ("SSNs")[10]—and, in particular, on the enumeration at birth ("EAB") program, through which most parents apply for a newborn's SSN as part of their hospital's birth-registration process—to confirm citizenship and eligibility for such services.[11]  The Court finds that citizenship requirements are included in numerous relevant federal statutes and, as a result, are intrinsic components of electronic verification systems run by the United States that are interconnected with state database and other processing systems.  Any change impacting these systems—and especially a partial change that varies by location within the United States—will likely trigger immediate confusion and burdens on state administrative processes.  Equity does not support imposing on the plaintiffs substantial burdens to accommodate, even temporarily, an unlawful Executive Order.

Third, a patchwork or bifurcated approach to citizenship would generate understandable confusion among state and federal officials administering the various programs described by the

---

[10] Presently, children born in the United States are issued Social Security cards that reflect both their SSN and their U.S. citizenship.  Two other categories of Social Security cards exist, but it is not clear either would apply to a child born in the United States but lacking birthright citizenship (per the policy set forth in the Executive Order).  See Soc. Sec. Admin., Types of Social Security Cards, https://www.ssa.gov/ssnumber/cards.htm (describing alternative types of cards issued to "people lawfully admitted to the United States on a temporary basis" with "authorization to work," or "people from other countries" who require a SSN for one of two identified reasons).

[11] See, e.g., Doc. No. 196-7 ¶¶ 5–44 (describing use of SSN to verify citizenship and eligibility for social services and associated federal reimbursements); see also Doc. No. 5-4 ¶¶ 9–16 (describing EAB process and anticipated effects of Executive Order on funding and administrative systems related to that process); Doc. No. 196-5 ¶ 15(c)–(d) (discussing obstacles and confusion that would arise if child was born in non-plaintiff state and not provided a SSN at birth but then moved to plaintiff state and needed to acquire a SSN to enroll in public benefits program like Medicaid).

plaintiffs, as well as similar confusion and fear among the parents of children within the scope of the Executive Order. The Court finds that various statutes governing social-service programs through which states receive federal reimbursements or other funding require training, administrative approvals, and community outreach efforts by states participating in the programs. For example, states must identify and enroll all eligible children for social-service benefits such as the Children's Health Insurance Program.[12]  Significant confusion or changes impacting eligibility or administration of such programs will require states to examine and revise existing systems. Shifting citizenship status, depending upon the location of a child or the purpose animating a citizenship determination, is a state of affairs without precedent in this country for at least 150 years. Federal law and state systems are not designed to respond easily to such a regime. The fear and confusion arising from implementation of the Executive Order would thwart states' ability to discharge these obligations under federal law, and likely also would chill enrollment in critical programs impacting children's health and wellbeing, leading to increased and unpredictable costs to the plaintiffs.[13]  Principles of equity do not favor requiring the plaintiffs to shoulder these burdens while this lawsuit proceeds.

---

[12] See, e.g., Doc. No. 196-7 ¶¶ 47–56 (citing, e.g., statutory requirements governing Children's Health Insurance Program, in 42 U.S.C. § 1397bb(a)(2)–(3)).

[13] See, e.g., Doc. No. 196-2 ¶¶ 17–18, 121–23 (summarizing survey regarding noncitizen public engagement, including avoidance of public health services and other interactions by noncitizen families with children, and describing chilling effect and confusion that arise when immigration-related laws are not uniform nationwide); Doc. No. 196-4 ¶¶ 15–19 (expressing opinion that decrease in enrollment in public health programs will result in more uninsured patients and increased costs to state medical facilities); Doc. No. 196-27 ¶¶ 7–8 (describing increased cost of emergent and other medical care required when patients are deterred from accessing nutrition-assistance programs and other routine or preventive clinical care). The defendants complain any increased costs are "speculative." Doc. No. 197 at 5–6. The Court finds they are proven at this stage, though, by the plaintiffs' reliable, thorough, and persuasive evidentiary submissions. Merely labeling the harms or evidence "speculative," without elaboration or support, does nothing to contest the detailed evidence the plaintiffs have submitted. See note 8, supra.

This factual record is uncontested by the defendants.[14]  The evidence recounted in the

preceding paragraphs, along with the corresponding findings by the Court, decisively supports

the Court's original finding: The plaintiffs have established by a preponderance of evidence that

the scope of Court's original preliminary injunction is necessary to provide them complete relief.

Generally, in the Court's view, the parties' lopsided showing would be reason enough to justify

this conclusion.  The Executive Order is unconstitutional and contrary to a federal statute.  A

host of federal and state laws and corresponding administrative systems are built on the principle

of birthright citizenship.  The defendants are entitled to pursue their interpretation of the

Fourteenth Amendment, and no doubt the Supreme Court will ultimately settle the question.  But

in the meantime, for purposes of this lawsuit at this juncture, the Executive Order is

unconstitutional.[15]  The injuries flowing directly and promptly from the Executive Order are not

neatly cabined by geography or program.  In these circumstances, equity does not require these

aggrieved plaintiffs to bear the consequences they have shown will arise from this unlawful

Executive Order while the parties litigate the dispute.

---

[14] The defendants have not challenged the data, surveys, or research upon which various declarants relied in reaching their conclusions or opinions.  They have not offered their own experts or other witnesses offering different opinions.  And they have not submitted evidence (or even argument) that the financial impacts and administrative upheaval the plaintiffs cite would not follow from the implementation of the Executive Order because, for example, children within its scope (though not citizens) would remain eligible for services by virtue of being granted a different qualifying immigration status in a manner that would not impact the plaintiffs' present enrollment, verification, and outreach processes.  Of course, the defendants at this point have had several opportunities to advance and support such arguments—including during the weeks that have elapsed since the Supreme Court in CASA expressly allowed their planning to begin.  Cf. Doc. No. 201 at 61, 67 (reflecting defense counsel at most recent hearing could not confirm having spoken with "anybody in any of these agencies" about feasibility of complying with narrower injunction and offered no specifics about how Executive Order would be implemented despite representing that agencies "are right now working on public guidance").
[15] The undersigned is hardly an outlier in reaching this conclusion.  As far as the Court is aware, "[e]very court to evaluate the Order has deemed it patently unconstitutional."  CASA, 145 S. Ct. at 2573 (Sotomayor, J., dissenting).

B.    Narrower Alternatives

Sometimes, the adversary process reveals a narrower form of injunction sufficient to avoid, during the pendency of the lawsuit, the injuries supporting the claims of a plaintiff.  Not here.  This conclusion arises, at least in part, from the defendants' refusal to engage with the parameters or feasibility of even one narrower alternative.  Cf. Rodriguez v. Mun. of San Juan, 659 F.3d 168, 175 (1st Cir. 2011) ("Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority.  And they must give us the raw materials so that we can do our work, or they may lose as a consequence." (citation modified)).  Though the defendants "correctly state that they need not 'write' the injunction themselves," they "must state their objections to the injunction to the district court, so that the district court can consider them and correct the injunction if necessary."  United States v. Zenon, 711 F.2d 476, 478 (1st Cir. 1983) (Breyer, J.); see Doc. No. 193 at 7; cf. Philip Morris, Inc. v. Harshbarger, 159 F.3d 670, 680 (1st Cir. 1998) (admonishing that "a disappointed litigant cannot surface an objection to a preliminary injunction" including as to its breadth "for the first time in an appellate venue").

In response to the plaintiffs' original motion, the defendants opposed any form of relief, alternatively objected to an order with nationwide scope, but offered only a vague and somewhat circular alternative.  See Doc. No. 92 at 50 (urging the Court to "limit any relief to any party before it that is able to establish an entitlement to preliminary injunctive relief").  When the defendants sought to stay the injunction it issued, they asked the Court to "limit any preliminary injunctive relief to the parties before it," without further explaining what such an order would look like.  Doc. No. 158 at 7; cf. 131 F.4th at 43 (reflecting First Circuit's understanding of this proposal as prohibiting enforcement of Executive Order with respect to children born in plaintiff states).  Before the First Circuit, the defendants offered a "different" suggestion, proposing an

13

injunction barring enforcement of the Executive Order against any plaintiff state when it administers a service to any child within the scope of that Order.  See 131 F.4th at 43 (describing proposal and contrasting it with position advanced in this Court).

The defendants' position evolved again when the case reached the Supreme Court. There, the defendants floated (but did not develop in any detail) two alternatives: an injunction requiring the defendants to treat children covered by the Executive Order "as eligible for purposes of federally funded welfare benefits"; or an injunction forbidding the defendants from applying "the Executive Order within the respondent States, including to children born elsewhere but living in those States."  145 S. Ct. at 2558 (quoting defendants' emergency application). Notwithstanding the Supreme Court's reliance on the defendants' two narrower proposals and its instruction that the lower courts should "take [them] up . . . in the first instance" when evaluating on remand "whether a narrower injunction is appropriate," id., the defendants elected not to develop those proposals in this Court.  Indeed, they have retreated entirely from one of them. See Doc. No. 201 at 53–57 (agreeing second alternative quoted above and in CASA majority opinion is omitted from post-remand briefs because defendants "think it's still overbroad").

Instead, the defendants devoted more than half of their initial post-CASA memorandum to other matters.  See Doc. No. 193 at 4–11 (addressing scope of CASA stay, briefing order, assignment of burden, which party should propose alternatives, standing, and irreparable harm).[16]  In the few pages touching on the scope of an injunction, the defendants urged the Court to "at most require [them] to continue to reimburse Plaintiffs for services provided to persons

---

[16] The defendants claim the Court "improperly shift[ed]" the burden of proof to them in its briefing order.  Doc. No. 193 at 6.  Not so.  Plainly, the plaintiffs bear the burden to establish by a preponderance of evidence their entitlement to whatever injunction might issue.  Nothing in the briefing order said otherwise or even addressed the quantum or placement of that burden.

14

covered by the Executive Order as though they were citizens." Id. at 11; accord id. at 12
(suggesting such an order would also permit plaintiffs "to continue to treat individuals born in
the United States but covered by the Executive Order as citizens for purposes of" relevant federal
programs). In their reply, the defendants reiterated that position—an order "requiring that
covered individuals be treated as citizens for [purposes of eligibility for citizen-dependent
benefits programs]"—and suggested the Court should "build out" from there to create a bespoke
injunction that would "address any remaining injuries." Doc. No. 197 at 6; cf. id. at 4
(characterizing plaintiffs' harms as mostly tied to SSNs but urging that "an injunction requiring
the issuance of social security cards nationwide would still be broader than necessary"); id. at 5
(noting "narrower injunction could continue to allow plaintiff States to use existing methods of
verifying citizenship, such as birth certificates" (footnote omitted)).

     During the post-CASA hearing before this Court, the defendants expressed a general
belief that "the Court should consider a lot of alternatives that are narrower than the injunction
that it issued," Doc. No. 201 at 55, though they only identified the one alternative toward which
they gestured in their recent memoranda. At no point have the defendants fleshed out how any
narrower injunction would work. That is, they have never addressed what renders a proposal
feasible or workable, how the defendant agencies might implement it without imposing material
administrative or financial burdens on the plaintiffs, or how it squares with other relevant federal
statutes. In fact, they have characterized such questions as irrelevant to the task the Court is now
undertaking. The defendants' position in this regard defies both law and logic. To borrow from
an analogy employed by the Supreme Court in CASA, consider a nuisance case "in which one
neighbor sues another for blasting loud music at all hours of the night." 145 S. Ct. at 2557. The
plaintiff seeks an order requiring "the defendant to turn her music . . . off." Id. Under the law,

the defendant must do more than simply oppose such an order or vaguely say it is too broad, and the presiding judge must consider whether any alternatives proposed by the defendant are feasible.  If, for example, the defendant proposes the judge order her to build a soundproof wall or limit her music to "a volume that will not bother the plaintiff," the judge would rightly evaluate such alternatives.  The judge would consider, based on applicable law and the record the parties produced, whether the proposed wall is permissible given neighborhood zoning rules, and whether it is financially and temporally feasible to construct without generating additional burdens on the plaintiff.  The judge would consider whether an order limiting the music's volume would be specific enough to provide the plaintiff complete relief without risking repeated return trips to court for clarification or possible contempt.  If the defendant demurred when asked to engage with such questions, she would do so at her own peril.

Of course, the legal, administrative, and workability issues presented in this case are vastly more complicated than those arising when crafting a preliminary injunction to govern a noise-based nuisance claim.  Primarily due to the defendants' obduracy in refusing to explore specific alternatives and their workability, all of the possible alternatives before the Court suffer from shortcomings when it comes to the feasibility of implementing them without burdening the plaintiffs.  Nevertheless, in light of the Supreme Court's specific guidance in CASA, and because this Court takes seriously its obligation to ensure the relief in this (and any) case is sufficient without exceeding the injuries of the plaintiffs given the circumstances presented, the Court will now address each narrower alternative the defendants have offered throughout their various submissions here and on appeal.  It will also address another alternative that occurred to the Court in its independent consideration of this matter post-CASA, and that the defendants in their reply acknowledged but urged the Court to reject.  The Court will explain why its review of

the record and the harms to the eighteen states and two localities that are plaintiffs in this case

has led it to conclude that none of the narrower alternatives provide the complete relief to which

these plaintiffs are themselves entitled.

      The first alternative discernible in the defendants' submissions in this case was an order

enjoining enforcement of the Executive Order within the plaintiff states to children born in a

plaintiff state.  <u>See</u> Doc. No. 158 at 7; 131 F.4th at 43.  The Court finds that this would not

provide the plaintiffs with anything close to complete relief and would impose additional

burdens on them.  The plaintiffs have adduced uncontested evidence (not mere speculation)

establishing that pregnant women give birth to children outside their state of residence in annual

numbers that are not de minimis, and that families with children likely to need public services

move from non-plaintiff states to plaintiff states in annual numbers that also are not de minimis.

<u>See</u> note 9, <u>supra</u>.  This evidence suffices to establish, and the Court finds for present purposes at

least, that substantial pocketbook and administrative injuries flowing from the unconstitutional

Executive Order would continue unabated under an order limited in scope to children born

within a plaintiff state's borders.  Access to a SSN issued through the EAB program and other

federal benefits would be impeded or limited for a child born in a non-plaintiff state, generating

administrative and financial burdens for a plaintiff once the child returns or moves there.[17]

      Perhaps anticipating this obvious problem, the next alternative articulated by the

defendants, and the one to which they have most often alluded in one form or another, is an order

requiring the defendants to reimburse the plaintiffs for services provided to children covered by

---

[17] The record establishes that these are direct, inevitable injuries within the proper scope of relief.
Certainly, one can conceive of means by which the defendants might attempt to mitigate these
harms.  Before entering an order that does not account for these injuries, though, some
evidentiary showing is necessary.  The defendants made none.

the Executive Order.  See 131 F.4th at 43; CASA, 145 S. Ct. at 2558; Doc. No. 193 at 11; Doc.

No. 197 at 6.[18]  A corollary of this alternative is that the plaintiffs would be permitted to treat

children covered by the Executive Order as citizens for purposes of eligibility for federal benefits

programs they administer.  See Doc. No. 197 at 5.  This proposal suffers from several fatal

shortcomings.  The defendants have altogether failed to show that this alternative is workable or

feasible and would avoid disrupting the processes presently used by the plaintiffs to administer

the relevant federal-benefits programs.  See notes 11–12, supra.  They have not explained how

they (or the plaintiff states) would identify and track, let alone verify eligibility using existing

processes and consistent with federal statutory requirements, the children within the scope of

such an order.  In contrast, the plaintiffs have supplied evidence addressing why this proposal is

unworkable and infeasible and would provide them incomplete relief.  For example, it fails to

account for the confusion and chilling effects, and the resulting administrative and financial

harms flowing therefrom, that are identified by the plaintiffs and supported by their declarations.

See notes 11–13, supra.

A broader alternative the defendants have disclaimed since mentioning it in their

emergency application to the Supreme Court is an order enjoining enforcement of the Executive

Order within the plaintiff states to children born or living in a plaintiff state.  See 145 S. Ct. at

2558.  This option has the benefit of sounding straightforward, but it suffers from the same flaws

as the alternative just discussed.  That is, it does nothing to avoid the confusion among officials

---

[18] The literal words of the defendants' proposal—that the Court could start by "requiring that
covered individuals be treated as citizens" for citizen-dependent benefits programs—could be
read as suggesting all such persons in the United States should receive such benefits.  In the
context of the defendants' general objections and positions in this case, the Court understands the
proposal as limited to covered persons seeking benefits from the plaintiff states.  Even with this
understanding, though, this alternative would indirectly but unavoidably supply a benefit to
nonparties (i.e., the children and families receiving the relevant benefits).

18

that would arise from a state-by-state approach to citizenship, or the financial and administrative harms flowing from the chilling effect such an approach would have on noncitizens—including, and most especially, noncitizen parents of covered children living in the plaintiff states who would be eligible for, but less likely to avail themselves of, public health and other social services.  See notes 11–13, supra.  Nor have the defendants, who now urge the Court to view this alternative as unnecessarily broad, explained how they could feasibly implement an order like this without burdening the plaintiffs administratively or otherwise.

The final alternative the Court has considered is one it devised based on its post-CASA review of the case: an order requiring the defendants to continue issuing SSNs to all children covered by the Executive Order throughout the United States, including by leaving the existing EAB program in place.  The defendants alluded to such an alternative in their reply but urged its rejection, Doc. No. 197 at 4, and the Court raised it with the parties during the most recent hearing in this matter.  Under such an order, the defendants would be obligated to reimburse the plaintiffs for services provided to children covered by the Executive Order, and the children's eligibility could be verified using existing administrative processes by virtue of their receipt of the same type of SSN that would have issued absent the Executive Order.  Evaluating this option alongside the plaintiffs' evidentiary submissions, however, reveals that it does not avoid the defects that the Court identified when addressing the last two alternatives.  A regime under which children covered by the Executive Order would be eligible at birth for the full array of social services in a plaintiff state but not a non-plaintiff state would leave intact the confusion and chilling effect already discussed.[19]  Moreover, the record establishes that SSNs issued

---

[19] For example, parents who live in Camden, New Jersey, but welcome a newborn in a hospital a few minutes away in Philadelphia, could apply for their child's SSN through the EAB program at the hospital, but likely (and accurately) would be told that their child is not eligible for Medicaid

through the EAB program are used by state agencies to verify citizenship and eligibility for various state- and federal-benefits programs, using federal database(s) and state systems derived from or depending on them.

The Court has serious reservations about the workability, and the potential for unanticipated consequences, of this final alternative in light of the uncertainty that would arise if citizen-specific SSNs were issued to a swath of children whose citizenship is denied by the Executive Order and might be subject to change or question depending on where a person is located. Although one can imagine the foregoing possibly working, imagination is not the stuff of judicial decisions. In contrast, the existing injunction is clear, simple and workable: The defendants may not enforce the Executive Order while this lawsuit proceeds. The plaintiffs have demonstrated myriad defects with any proposal narrower than the injunction originally entered. The defendants have offered nothing beyond the bland assurance they will comply with the Court's order, whatever it may require, and the suggestion that any administrability questions could be addressed later. See Doc. No. 201 at 65 ("I can tell you we'll comply, but I can't tell you exactly how we will do that."). They submitted no evidence and provided no detail concerning any narrower alternative for the Court to consider. They did not say any proposal was vetted with any persons responsible for its implementation.

The defendants' approach fails to persuade. The Court must craft an injunction which complies with Rule 65(d) and long-established equitable principles. On the record before the Court, this final possible alternative does not adhere to those requirements. The questions the

---

(because Pennsylvania is not a plaintiff here). It would then fall to New Jersey to reach out to the family, resolve the confusion, and take steps to enroll the child in a program outside of the process that otherwise would have applied at the time of a birth in a New Jersey hospital. See note 11, supra. The foregoing burdens are not "self-inflicted injuries," Doc. No. 197 at 6, but obligations imposed on the plaintiffs by federal law, see note 12, supra.

defendants have not addressed in writing or explored with evidence, and could not answer at the hearing, do not concern minor ministerial issues. They bear on substantial, vague provisions that would govern complex government programs impacting real people's lives—including the real public servants working in innumerable agencies within the plaintiff states and municipalities to serve the needs of their residents. The defendants have done nothing to assure the Court that they fully grasp the potentially sweeping and disruptive effects of any misstep in implementation. With stakes this high, the Court simply cannot adopt the defendants' blasé approach to the details and workability of a more limited injunction.

In sum, the Court declines to adopt any of the narrower proposals discussed by the parties throughout the pendency of this case or identified by the Court in its own review. None of the alternatives would sufficiently protect the twenty plaintiffs before this Court against the harms they have established via uncontested and detailed factual submissions describing the imminent effects that would arise from implementation of the Executive Order. Cf. Washington v. Trump, --- F.4th ----, 2025 WL 2061447, *16–17 (9th Cir. July 23, 2025) (finding no abuse of discretion by district court determination that universal injunction was necessary to prevent irreparable pocketbook and administrative injuries to other states challenging same Executive Order).

III. CONCLUSION

The Court finds again, as it did before, that the plaintiffs have met their burden of establishing entitlement to "complete" preliminary injunctive relief in a form that protects them against the irreparable financial and administrative burdens that they have shown the facially unlawful Executive Order would visit upon them. The plaintiffs have done so by advancing persuasive legal arguments backed by a formidable evidentiary showing. In other words, they have put in the hard work of marshaling the facts and the law to support the causes of action and requests for relief they articulate in this lawsuit. This is what parties—especially those

21

represented by experienced and capable counsel—are expected to do in litigation occurring in courts across this country each day.

The defendants opted for a different approach. Initially and again now, they neither challenged nor rebutted the plaintiffs' evidentiary showing. Rather than engaging seriously with the one question as to which they partially prevailed on appeal and which the Supreme Court expressly directed the lower courts to reckon with on remand, the defendants complained about the Court's briefing order, sought to reopen questions that are not properly before this Court now, and quibbled about whether they should be required to participate meaningfully in the process of devising and evaluating narrower alternatives to the Court's original order. They need not "write their own injunction," but they must do something to help transform an idea into terms the Court can express in a feasible, specific injunction that is consistent with other federal laws.

Despite the defendants' chosen path, the Court—aided substantially by the plaintiffs' meticulous factual and legal submissions—undertook the review required of it by <u>CASA</u> and considered anew whether its original order swept too broadly. After careful consideration of the law and the facts, the Court answers that question in the negative.

For the foregoing reasons, no workable, narrower alternative to the injunction issued originally would provide complete relief to the plaintiffs in this case.  The Court therefore declines to modify that injunction.[20]  The Clerk shall transmit a copy of this Order to the Clerk of the Court of Appeals for the First Circuit.

SO ORDERED.

         /s/ Leo T. Sorokin         
United States District Judge

---

[20] Though the defendants have interpreted the original injunction as prohibiting internal planning and preparation for the Executive Order's implementation, this Court did not intend such a restriction, the First Circuit did not read the injunction as containing such a restriction, and the Supreme Court in <u>CASA</u> made abundantly clear that no such restriction survives its decision to grant the defendants a partial stay.