

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO Box 45029
Newark, NJ 07101

MATTHEW J. PLATKIN
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

July 30, 2025

<u>**VIA ECF**</u>

Anastasia Dubrovsky
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

    Re: FRAP 28(j) Letter, No. 25-1170, *New Jersey, et al., v. Donald J. Trump, et al.*

Dear Ms. Dubrovsky:

    Plaintiffs advise this Court of the district court's July 25 Order reaffirming the nationwide scope of its preliminary injunction. Judge Sorokin's order explains why the nationwide injunction in this case remains necessary to afford the States complete relief.

    Judge Sorokin confirmed that the States are entitled to complete relief, recognizing that the United States presented no "evidence (or argument)" that would favor less-than-complete relief given the "flagran[tly]" unconstitutional Executive Order. Slip Op., at 7, 11. The primary question was thus *how* to provide such relief, a question that required "evaluat[ing] the [whole] record" with a view towards "what relief is necessary to prevent [their] irreparable harm." *Id*. at 7. The court emphasized that Plaintiffs provided "dozens of sworn declarations from subject-matter experts and public officials describing" harms that follow from geographically limited injunctions or alternative remedies the United States had proposed to the Supreme Court; noted Defendants had "not disputed or rebutted [them] in any way"; and found Plaintiffs' evidence credible and reliable. *Id*. at 8-9.

    Based on the record, the court made several factual findings regarding the continued need for nationwide relief. First, given the "substantial number of children covered by the Executive Order [who] will move into the plaintiff states during the pendency of this action," Plaintiffs' fiscal and administrative harms absent nationwide relief would be "substantial and material." *Id*. at 9-10. Second, since "citizenship requirements … are intrinsic components of electronic verification



systems run by the United States that are interconnected with state … systems," "[a]ny change impacting these systems … will likely trigger immediate confusion and burdens on state administrative processes." *Id*. Third, "a patchwork or bifurcated approach to citizenship would generate" "fear and confusion," would "thwart states' ability to discharge [their] obligations under federal law, and likely also would chill enrollment in critical programs impacting children's health," increasing costs for Plaintiffs. *Id*. at 10-11. Finally, recognizing that any narrower injunction must be "workable," *id*. at 8, the court found that "[n]one of the alternative[]" injunctions posed "would sufficiently protect" the Plaintiffs from "the harms … aris[ing] from implementation of the" Order. *Id*. at 21.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: */s/ Shankar Duraiswamy*
    Shankar Duraiswamy
    Deputy Solicitor General


cc: All counsel (via ECF)


Word Count: 349