

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO Box 45029
Newark, NJ 07101

MATTHEW J. PLATKIN
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

July 30, 2025

**VIA ECF**

Anastasia Dubrovsky
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re: FRAP 28(j) Letter, No. 25-1170, *New Jersey, et al., v. Donald J. Trump, et al.*

Dear Ms. Dubrovsky:

Plaintiffs advise this Court of the Ninth Circuit's recent decision upholding an analogous injunction in *Washington v. Trump*, No. 25-807, attached as Exhibit A.

The Ninth Circuit concluded States have standing to challenge the Executive Order as violating the Citizenship Clause. It explained that the States properly asserted "their own pocketbook[]" injuries in the form of "loss of reimbursements, funding, and additional expenses incurred by the development of a new [eligibility] system," which "are concrete and imminent injuries-in-fact, traceable to the Executive Order, and redressable by an injunction." Slip Op., at 11, 13. The court explained that the States' injuries are not self-inflicted, noting that Missouri had standing in *Biden v. Nebraska* "though its financial injury stemmed from its choice to service federal loans." *Id.* at 12 (citing 600 U.S. 477, 489-90 (2023)). And because "[t]he Executive Order operates directly as to the States," "third-party standing limitations do not bar this action." *Id.* at 14-15.

The court also held the States are likely to succeed on their claims that the Order violates the Citizenship Clause and the Immigration and Nationality Act (INA). The court held that "[t]he text and ordinary meaning of the Citizenship Clause, as well as Supreme Court precedent interpreting the Citizenship Clause support the … interpretation that 'subject to the jurisdiction thereof' means 'subject to the laws and authority of the United States.'" *Id.* at 27. Further, the court concluded that this "meaning of 'subject to the jurisdiction thereof' had been settled by the



Supreme Court in *Wong Kim Ark* and had been settled in public understanding at the time the [INA] was enacted." *Id*. at 35, 37.

Finally, the Ninth Circuit concluded that a nationwide injunction was needed to give the States complete relief. The court found "the States would suffer the same irreparable harms under a geographically-limited injunction as they would without an injunction" because the States would "need to overhaul their eligibility-verification systems for Medicaid, CHIP, and Title IV-E" given the movement of babies across state lines, and neither the United States nor the court could identify a narrower workable alternative. *Id*. at 48.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: */s/ Shankar Duraiswamy*
    Shankar Duraiswamy
    Deputy Solicitor General

Encl.

cc: All counsel (via ECF)

Word Count: 350