

| | | |
|---|---|---|
| **PHILIP D. MURPHY**<br>*Governor*<br><br>**TAHESHA L. WAY**<br>*Lt. Governor* | *State of New Jersey*<br>OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>OFFICE OF THE SOLICITOR GENERAL<br>PO Box 45029<br>Newark, NJ 07101 | **MATTHEW J. PLATKIN**<br>*Attorney General*<br><br>**JEREMY M. FEIGENBAUM**<br>*Solicitor General* |

July 30, 2025

**VIA ECF**

Anastasia Dubrovsky
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      Re: FRAP 28(j) Letter, No. 25-1170, *New Jersey, et al., v. Donald J. Trump, et al.*

Dear Ms. Dubrovsky:

      Plaintiffs attach six federal agency guidance documents on implementing Executive Order 14160 ("EO") from Social Security Administration (SSA), Centers for Medicare & Medicaid Services (CMS), Department of Health and Human Services (HHS), U.S. Department of Agriculture (USDA), and U.S. Citizenship and Immigration Services (USCIS), attached as exhibits A-E. The federal agencies all state that their guidance would become effective if no nationwide injunction were in place. These documents confirm the States will suffer Article III injuries traceable to the EO and thus have standing to challenge it.

      SSA straightforwardly states that the agency will not issue SSNs to children covered by the EO, including through the Enumeration at Birth (EAB) program, confirming Plaintiffs' impending financial injury from lost EAB funds. *See* Appellees' Br. at 40 (discussing analogous U.S. Supreme Court holding that States had standing in *Biden v. Nebraska*).

      CMS, HHS, and USDA reiterate that eligibility for a wide range of federal benefit programs administered by States, including Medicaid, CHIP, Title IV-E, TANF, and SNAP, is restricted to citizens or certain "qualified aliens," a statutory term narrowly limited to individuals with certain immigration statuses. Their guidance documents also set forth new citizenship/immigration status verification procedures that require States, for the first time, to collect and process documentation of parental citizenship/immigration status, while also applying different rules for children born before and after the EO. These changes confirm that the EO will impose direct financial injuries and administrative burdens on Plaintiffs. *See* Appellees' Br. at 25-31.



  USCIS intends to permit certain children covered by the EO—those born to a parent who possesses lawful but temporary status—to register to acquire the same status as their parent. However, the guidance does not suggest that these children would be eligible for SSNs, nor can it contravene statutes establishing that nearly all of them would remain ineligible for federally funded benefits. Further, the guidance does not suggest that other children covered by the EO (*e.g.*, children of two undocumented parents) would be eligible to register for *any* lawful status. It therefore confirms the financial injuries the EO will impose on Plaintiffs.

        Respectfully submitted,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

       By: */s/ Shankar Duraiswamy*
         Shankar Duraiswamy
         Deputy Solicitor General

Encl.

cc: All counsel (via ECF)

Word Count: 348