

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 616-5365

July 31, 2025

VIA CM/ECF

Anastasia Dubrovsky
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

　　　　RE:　*New Jersey v. Trump*, No. 25-1170 (Oral Argument Scheduled for August 1, 2025)

Dear Ms. Dubrovsky:

　　Pursuant to Rule 28(j), we write in response to the States' letter notifying the Court of recent administrative guidance.

　　The guidance underscores that the States lack Article III standing because their asserted injuries—in addition to being self-inflicted because they arise from the States' voluntary decisions to provide social services outside the federal programs—stem not directly from the Order, but from agencies' decisions about how to implement it. Such speculative and contingent injuries, which depend on "how the Executive Branch might eventually implement" the Order, are insufficient to confer standing. *Trump v. New York*, 592 U.S. 125, 131 (2020); *see Davis v. FEC*, 554 U.S. 724, 734 (2008) (standing is assessed as of the date "when the suit was filed").

　　The States' speculation about how the Enumeration at Birth Program would change is a particularly stark example. The States claimed they would incur "material administrative burdens" "[i]f, as a result of the Executive Order, the newborn registration process has to be amended to provide for verification of the parents' citizenship and/or immigration status to obtain an SSN for the newborn." JA236 ¶14; *accord* JA337 ¶18, JA375 ¶¶31-32; JA382-383 ¶¶18-21. The Social Security Administration (SSA) guidance

about the Enumeration at Birth Program shows that these predictions were wholly incorrect. It states (at 3) that the agency will "[c]ontinue to receive the data files from the States as we do today and reimburse states for records" and that the "[d]ata elements" will "continue to include" fields they now receive. SSA—not the States—will then "conduct an automated verification of U.S. citizenship or eligible-immigration-status check," and conduct any necessary follow up with the parents.  There are no administrative burdens for the States.

      A prediction about how the Executive will implement a policy "is 'no more than conjecture'" and insufficient to confer standing.  *New York*, 592 U.S. at 131 (citation omitted).  Because the States brought this suit before the Executive Order was implemented, and challenged the Order rather than the agency actions implementing it, their claims do "not … present a dispute 'appropriately resolved through the judicial process.'"  *Id.* (citation omitted).

      Sincerely,

      */s/ Derek Weiss*
      Derek Weiss
      Counsel for Appellants

cc:    All counsel (via CM/ECF)

Word Count:  349