

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 616-5365

July 31, 2025

VIA CM/ECF

Anastasia Dubrovsky
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      RE:   *New Jersey v. Trump*, No. 25-1170 (Oral Argument Scheduled for August 1, 2025)

Dear Ms. Dubrovsky:

      Pursuant to Rule 28(j), we write in response to the States' letter notifying the Court of the district court's recent decision declining to modify the injunction. That order has not been appealed, and neither that decision nor the supplemental record it is based on are properly before this Court.

      On remand, the district court interpreted the proceedings as a motion to modify the injunction, allowing additional evidence to determine whether modification was appropriate, and "declin[ing] to modify" the injunction. Dkt. 203, at 23.

      A district court order "refusing to … modify [an] injunctio[n]" is a separately appealable order. 28 U.S.C. § 1292(a)(1); *see Bogosian v. Woloohojian*, 86 F.3d 1146 (1st Cir. 1996). Because that order has not yet been appealed, it is not before this Court. *See* 16A Wright & Miller, Fed. Prac. & Proc. Juris. § 3958.10 (5th ed.); Fed. R. App. P. 12.1 adv. cmte. notes.

      Whether the injunction on appeal—entered on February 13, 2025—was an abuse of discretion is decided based solely on the record before the district court in February 2025. *See, e.g.*, *Pharmaceutical Research & Mfrs. of Am. v. Walsh*, 538 U.S. 644, 687-88 (2003) (O'Connor, J., concurring in part and

dissenting in part) ("An appellate court reviewing a preliminary injunction is confined to the record before the District Court."); *Dallas Cowboys Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979); *cf. Texas v. U.S. DHS*, 123 F.4th 186, 198 (5th Cir. 2024) (discussing but not deciding whether it could consider "supplemental findings" in a similar procedural posture with a remand after a Supreme Court interim order).

The government urged the district court to confine its analysis to the original record, Dkt. 193, at 7, which would have allowed the district court's order to assist this Court in answering the question before it. Rather than clarifying its order based on the original record, the district court relied on new affidavits, and created a new, appealable order; as a result, neither the new affidavits nor the new order are properly part of this appeal.

Sincerely,

*/s/ Derek Weiss*
Derek Weiss
Counsel for Appellants

cc:   All counsel (via CM/ECF)

Word Count:  344